INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
WILLIAM J. HADDOX.

Decided June 15, 1904.

**1.—Charge—Stating Issues.**

Omission of the charge to state the issues raised by the pleading is not available as error in the absence of requested instructions.

**2.—Railway in Street—Safe Condition—Negligence.**

Article 4426, Revised Statutes, requires a railway company laying its tracks in the street to restore it to such condition as not to unnecessarily impair its usefulness, not merely to exercise due care to that end; and a charge holding it liable for a failure to keep such track in reasonably safe condition for those using the street was not erroneous in making such duty absolute.

**3.—Same.**

The requirement of article 4426, Revised Statutes, that the street be restored to such condition as not unnecessarily to impair its usefulness applies to railways laid along a street as well as to street crossings.

**4.—Personal Injury—Damages—Salary.**

Plaintiff may recover damages for diminished capacity to earn money, through personal injury, though he was an officer working on a salary not discontinued during his disability.

**5.—Charge—Weight of Evidence.**

A requested instruction that a railway company was not required to fill its track in a public street level with the top of the rail, was upon the weight of evidence, the question as to such duty being one for the jury.

Appeal from the District Court of Travis. Tried below before Hon. R. L. Penn.

*S. R. Fisher, J. H. Tallichet,* and *N. A. Stedman,* for appellant.

*W. D. Hart* and *Hart & Kemp,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Haddox against the railway company for damages arising from personal injuries occasioned by the negligence of appellant, in the sum of $5000, and also $100 damages sustained to his horse. Verdict and judgment were in plaintiff's favor for $430.

It is substantially alleged in plaintiff's petition that the appellant's railroad extends over and along West Third Street, a public street of the city of Austin, and that along that street the appellant has constructed three or more lines of track. That on or about the 25th of April, 1903, one of said tracks was in a dangerous and unsafe condition, in that the spaces between the ties and between the rails of the same were not filled in with any kind of material, and that the rails and ties were exposed and uncovered and projected some four or five inches above the surface and level of the street, and that such condition rendered it dangerous and hazardous for persons to cross said street on horseback or otherwise; and that permitting the track to be and remain in this condition was negligence upon the part of the appellant; and that the appellant by its negligence, as stated, failed to keep said por-

36 Civ.—25

tion of said street so occupied by its tracks in a reasonably safe condition for use by the public. That on the 25th day of April the plaintiff, in the discharge of his duties as poundmaster of the city of Austin, while attempting to catch an animal unlawfully at large on West Third Street, in attempting to ride his horse across the street, and when he was in the exercise of due care, the foot or feet of his horse caught in the ties and rails of the track at the point and place where they were negligently exposed and permitted to project above the surface of the street, which caused the horse to stumble and fall on the rails and ties, thereby injuring the plaintiff in the manner alleged and described in his petition.

We find the facts substantially as above pleaded.

Appellant's first assignment of error complains of the failure of the court in its charge to the jury to state the issues raised by the pleadings. This was a mere omission which should have been corrected by a special charge, which was not requested.

The second assignment of error complains of the following charge of the court: "It was the duty of the defendant railroad company to maintain its track along Third Street in the city of Austin in such condition that it would be reasonably safe for persons traveling along or across said street on horseback or otherwise to cross said tracks at any point in said street."

This charge is objected to for the reason that the defendant is not required as a matter of law to keep its track in a reasonably safe condition, but is only required to exercise ordinary care in order to accomplish that purpose.

Article 4426 of the Revised Statutes reads as follows: "Such corporation (meaning a railroad corporation) shall have the right to construct its road across, along or upon any stream of water, water course, street, highway, plank road, turnpike or canal, which the route of said railway shall intersect or touch. But such corporation shall restore the stream, water course, street, highway, plank road, turnpike or canal thus intersected or touched to its former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair."

The charge given is not literally in the language of the article of the statute quoted, but the court must have had in mind this provision of the law in giving the charge complained of. The charge instructs the jury that it was the duty of the railway company to maintain its track along the public street in a reasonably safe condition for persons traveling on or across the same. The language of the statute is that "said street shall be restored to its former state, or to such state as to not unnecessarily impair its usefulness." The failure of the railway company to keep the street in a reasonably safe condition for persons who may be entitled to use the same would, to some extent, unnecessarily impair its usefulness.

The primary object of streets in a city is to furnish a passage way in the interest of the public, to and from different points in the city.

They are designed to be used by the public for the purposes of travel, and whatever might unnecessarily impair their usefulness for such purpose, by permitting obstructions to remain in the same of a nature described in the plaintiff's petition and shown by the evidence in this case, would create a condition that would make the use of the street not reasonably safe for persons traveling across the same.

The charge submitted substantially embraced the requirements of the law; and if the duty was statutory, as is the case here, it would be no defense if the appellant had exercised ordinary care to maintain its tracks along the street in a proper condition.

The third assignment of error practically embraces the question just passed upon, and the charge of the court is not subject to the objections urged against it.

The fourth assignment of error contends that the statute quoted should be so construed as only to apply to the track at a place where it intersects a public street; or, in other words, at a crossing. The statute uses the expression, to keep the street in such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair. In our opinion the first part of the language quoted applies to the track that may be located along or across any part of the street; the last refers to a crossing. It requires the railway company to keep the crossing in repair; and this clearly is in addition to the duty resting upon the railway company to keep its track where located along the street in such condition as not to unnecessarily impair its usefulness.

The fifth assignment of error complains of the charge of the court on the measure of damages. The first proposition urged under this assignment is that the diminished capacity of the plaintiff to earn money was not a proper matter to be submitted, because it appears from the evidence that the plaintiff was a salaried officer of the city of Austin, and there had been no stoppage of his salary on account of his injury. In determining the amount of damages that the plaintiff was entitled to recover by reason of his diminished capacity to earn money, the appellant is not entitled to any credit in the amount of the salary received by the plaintiff during that time. The plaintiff was entitled to full compensation for the injuries sustained, notwithstanding he may have received an income in the nature of a salary during the time he was incapacitated from work. Missouri P. Ry. Co. v. Jarrard, 65 Texas, 566.

The second proposition urged under this assignment is that there was no evidence showing the diminished capacity of the plaintiff, if any, nor what was the value of his services during that time. There is evidence in the record upon this subject; or, in other words, the evidence furnished sufficient data upon which the jury could base a verdict.

The sixth assignment of error complains of the refusal of the court to give appellant's special charge number 2. The first part of this charge is on the weight of the evidence. It is a request, in effect, to instruct the jury that the defendant rested under no duty or obligation to fill its track level with the top of the rail at the point where the

plaintiff was injured. This was a peremptory instruction in favor of the defendant upon one of the questions that the jury had the right to consider in determining whether the appellant had permitted the street to remain in such condition as to unnecessarily impair its usefulness. As one of the facts in the case, the jury had the right to consider that the failure to fill up the track level with the top of the rails was some evidence bearing on the question as to whether or not the appellant had permitted the street to remain in such condition as to unnecessarily impair its usefulness. The latter part of this charge, if it had been disconnected from the objectionable part, raises an issue that could have been properly submitted to the jury, but it formed a part of the charge that embodied the objectionable feature just noticed. Therefore, the court not being under the necessity of correcting the charge or of reducing it to accuracy, was not required to give it as framed.

What we have said disposes of the seventh assignment of error.

Our findings of fact dispose of appellant's eighth assignment of error. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused November 28, 1904.