## Snyder v. Pennsylvania General Transit Company

*F. B. Moser*, for plaintiff.

*H. W. Cummings* and *J. S. Kline*, for defendant.

LLOYD, J., October 19, 1931.—While the plaintiff was operating his automobile on Wolverton Street, in the City of Sunbury, a collision between it and the Greyhound bus of the defendant occurred. Plaintiff brought this action to recover for damages to his automobile and for personal injuries. The trial

resulted in a verdict for the plaintiff. Motions for judgment n. o. v. and a new trial followed. Counsel for defendant at the argument stated that the motion for judgment n. o. v. was withdrawn and that the second reason in support of its motion for a new trial was not pressed. The remaining reasons for a new trial all relate to the same subject matter and will be considered together. The question is whether the plaintiff is entitled to be compensated for loss of earnings during the period of convalescence.

The plaintiff was in the employ of the United States Government as a national bank examiner. He received by way of compensation for such services the sum of $400 per month, and in each year he was allowed, without deduction from his salary, a ten days' leave of absence, which was cumulative during a period of three years. That is to say, if he did not avail himself of his privilege the first year, then during the second year he would be entitled to twenty days; and, similarly, by a further increase of ten days for the third year, when the maximum leave would amount to thirty days. But if, during the third year, he failed to exercise the privilege, the whole accumulation was lost and the leave of absence would then start anew at the fourth year and then continue for a further period of three years as before. His leave of absence at the time of trial had accumulated to thirty days. As a result of the accident he was absent from work for seven weeks and six days. He elected to exercise his right to the thirty days' leave during the period of his convalescence and the Government paid him for thirty days. The question as to whether he was or was not, under the circumstances shown, entitled to recover for the said thirty days was submitted to the jury. They resolved the question in favor of the plaintiff. Counsel for the defendant contend that the court should have instructed the jury that, if entitled to recover at all, his services for salary was limited to two days.

The defendant has not favored us with a printed brief nor with the citation of authorities in support of its position. But an examination of the authorities as made by us shows that the courts of various jurisdictions are not in entire harmony on the question as to whether the payment of wages or salary by an employer to an employe for the period of his convalescence is a bar to a recovery by the employe for loss of time from a third person who is responsible for the injury. The following citations will serve to illustrate the circumstances under which recovery from the tortfeasor was allowed.

In Ohio & M. Ry. Co. v. Dickerson (1877), 59 Ind. 317, the court said: "It is insisted that the damages are excessive; and the principal argument in support of this alleged error is that the salary of the appellee, as the agent of a sewing-machine company, went on during the time he was disabled by the alleged injury without abatement. This forms no ground for the reduction of the damages. In such cases, damages are assessed according to uniform principles and are not to be affected by the mere accidental business relations of the party injured. The liberality of his employer forms no reason why the appellee should not be compensated for the injury he sustained."

In Nashville, C. & St. L. R. Co. v. Miller (1904), 120 Ga. 453, 67 L. R. A. 87, 47 S. E. 959, 1 Ann. Cas. 210, it was held that the payment to a government postal clerk of his salary during the time that he was disabled did not preclude a recovery for loss of time from the defendant who caused his injury. The court stated that there was no evidence that the Government was under a legal obligation to pay the clerk's salary while he was unable to perform his duties, and it declined to pass on the effect of such an obligation had it existed.

In St. Louis & S. F. R. Co. v. Clifford (1912), Tex. Civ. App., 148 S. W. 1163, the court said: "Appellant by its third assignment of error complains

of that portion of the court's charge wherein appellee is permitted to recover damages for loss of time. The proposition is asserted that the undisputed testimony shows that appellee received his salary from the Government from the time of his injury to the time of his trial, and hence lost no time, and, as a consequence, cannot recover therefor. Loss of time, as the result of an injury, is a damage for which the injured person is entitled to be compensated, and if the injured person is a wage-earner and his wages continue during the time he is incapacitated, the defendant is not entitled to the benefit thereof: Missouri P. R. Co. v. Jarrard (1886), 65 Tex. 560; International & G. N. R. Co. v. Haddox (1904), 36 Tex. Civ. App. 385, 81 S. W. 1036. The Supreme Court of Georgia, in our opinion, correctly states the rule and the reason therefor in these words: 'The wrongdoer may show, in defense to a claim for lost time, that no time has been lost; and this, of course, is right and just, because if no time has been lost, no compensation is due from anybody on account of lost time. But if time has been lost as the result of a tort, sound sense, common justice, and, it may be, public policy would demand that the tortfeasor be prohibited from making a defense founded upon the proposition that he has been guilty of a wrong—it may be a grievous and outrageous wrong—but that some third person . . . not in sympathy with the wrongdoer . . . has, from some worthy motive, paid to the injured person an amount which, if it had come from the wrongdoer, would have equaled the damages which would have been assessed against him:' Nashville, C. & St. L. R. Co. v. Miller (1904), 120 Ga. 457, 67 L. R. A. 87, 47 S. E. 960, 1 Ann. Cas. 210. While the authorities are not unanimous on this question, we are persuaded, not only that it is now the adopted rule in this state but the fairest and safest."

However, the adopted rule in our state is that an injured employe is entitled to recover compensation for loss of time from a third person who caused the injury, notwithstanding his employer may have paid the salary or wages of such employe during his period of suffering; provided, that such payment by the employer is in the nature of a gift or gratuity and not in response to a legal obligation or for services rendered during such period, howsoever inconsequential or inefficient such services may be. The authorities are few, but the following illustrate the application of the rule:

In Quigley v. Penna. R. R. Co., 210 Pa. 162, recovery was disallowed because it appeared that he had rendered services for his employer similar in character to those performed before his injury. The payment by his employer under such circumstances was held to be a payment for "services, inefficient, perhaps, compared to those before his injury, but still for services rendered by him to the company." The payment was for services and not a mere gratuity or donation.

Rundle v. Slate Belt Electric Street Ry. Co., 33 Pa. Superior Ct. 233, was an action to recover damages for personal injuries. The evidence was that plaintiff's employer paid him the same amount during his disability as he received when regularly employed. There was evidence from which the jury could find that the plaintiff's employer donated to him the equivalent of his salary. The action of the lower court in leaving it to the jury to find whether the payment was a donation or gift or for services rendered was sustained. Upon appeal, the verdict in favor of the plaintiff was affirmed. The case sustains the rule that: "In an action to recover damages for personal injuries, plaintiff is entitled to recover for the loss of his salary during disability, although the amount of it was paid to him by his employer, where the evidence shows that the money was paid by the employer not as a salary but as a gift."

In the present case, there was no legal obligation on the part of the Government to pay plaintiff's salary while he was unable to perform his duties. The leave of absence, with pay, was a mere privilege to be exercised at the option of the plaintiff and limited to a period of ten days in each year, which the Government could have terminated without legal liability. It was, hence, a gratuitous payment. Nor is the situation affected by the circumstance that plaintiff said he had earned the accumulated leave. He was not in the exercise of it at the time, and while it is not shown, yet it is fair to assume that at the time of the accident he was on his way to the place where he intended to perform the services for which he was employed. He lost time and his accumulated vacation period as the result of the injury and certainly is entitled to be compensated for his loss. The continuance of his wages under the circumstances was an act of grace from which no benefit enured to the defendant. We think the case is well within the spirit of the Pennsylvania rule.

And now, October 19, 1931, the defendant's motion for a new trial is hereby overruled.

An exception is noted and bill sealed for the defendant.

From C. M. Clement, Sunbury, Pa.