· *W. N. Oliver, J. D. Stewart*, contra.

### 21233. Wachtel v. Leonard.

Stephens, J. 1. Where a city ordinance provides that if a member of the police department of the city is wholly disabled from active duty because of injury received by him in line of duty he shall, during the period of disability, draw his salary from the city, and that such payment of salary "shall be construed as an increase in compensation" of the member of the police department, the money so paid to the injured policeman is equivalent to money paid under a policy of accident insurance, and the person whose tortious act caused the injury is not by reason of such payment relieved of liability for earnings lost by the injured person as a result of the injury. *Western & Atlantic R.* v. *Meigs*, 74 *Ga.* 857 (5); *City of Rome* v. *Rhodes*, 134 *Ga.* 650 (68 S. E. 330); *Cunnien* v. Superior Iron Works, 175 Wis. 172 (184 N. W. 767) 18 A. L. R. 667, 683 n., 686 n. See further, in this connection, *Nashville, Chattanooga & St. Louis Railway Co.* v. *Miller*, 120 *Ga.* 453 (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210); *Western & Atlantic R.* v. *Sellers*, 15 *Ga. App.* 369 (83 S. E. 445).

2. This being a suit in the municipal court of Macon, in which the plaintiff sought to recover damages for personal injuries and the consequent loss of earnings from disability to perform the duties of his employment, alleged to have resulted from an attack upon him by a vicious dog belonging to the defendant, and there being, as appeared from the de-

fendant's petition for certiorari, evidence authorizing the inference that the plaintiff, while riding a motorcycle along a public street and in the discharge of his duty as a policeman of the City of Macon, was attacked by a dog belonging to the defendant, which had been allowed to run at large in the street, that the dog, with the defendant's knowledge, possessed a vicious disposition and a propensity to attack people, that as a result of the attack of the dog the plaintiff was thrown from the motorcycle and physically injured, that for the time lost by him from his work as a policeman for the city his wages were paid him by the city, and the court having excluded from evidence an ordinance of the City of Macon containing the provisions indicated in paragraph 1 above, the verdict found for the plaintiff was authorized by the evidence, and the exclusion of the ordinance from evidence was not harmful to the defendant.

3. It not appearing from the petition for certiorari that any error was committed, the judge of the superior court did not err in refusing to sanction the petition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1932.

*Arthur Lewis,* for plaintiff in error. *McClellan & Jacobs,* contra.