RUSSELL L. PEED AND J. M. BOOTH v. BURLESON'S, INC., E. C. BURLESON, CHARLES R. PINKSTON AND RICHARD A. BROWN.

(Filed 28 September, 1955.)

**1. Bailment § 10—**

The bailor may maintain an action for the recovery of his property converted by third parties while in the hands of a bailee.

**2. Same—**

The bailee has such an interest in the bailed property in his possession as entitles him to maintain an action against a third party for damage to or conversion of such property.

**3. Trover and Conversion § 2—**

Ordinarily, co-owners of personalty may maintain a joint action for the conversion of the property.

**4. Parties § 1—**

The interests of parties plaintiff must be consistent, but the common law requirement of unity or identity of interests no longer obtains. G.S. 1-68.

**5. Bailment § 10—Bailor and bailee may maintain joint action for the wrongful conversion of the property.**

Bailor and bailee instituted joint actions against the driver of the bailee's truck and the parties to whom the driver sold the bailed property for the wrongful conversion of the property, the bailee alleging that he had paid bailor damages for the nondelivery of the property in accordance with their agreement, and was subrogated to bailor's rights *pro tanto.* *Held:* Only one cause of action for the wrongful conversion of the property was alleged, and the bailor and bailee each have an interest in the property entitling them to maintain a joint action for the conversion, irrespective of the allegation of subrogation, and therefore, demurrer for misjoinder of parties and causes of actions was properly overruled, plaintiffs' causes having arisen out of the same transaction or transaction connected with

the same subject of action, and both having an interest in obtaining the relief demanded, notwithstanding that their interests may not be common or identical.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Moore (Clifton L.), J.,* February Term, 1955, BEAUFORT. Affirmed.

Civil action in tort to recover the value of a shipment of potatoes allegedly converted to their own use by the defendants, heard on demurrer on the grounds of misjoinder of parties and causes of action.

The essential allegations contained in the complaint are in substance as follows: (1) On 2 July 1954, plaintiff Peed owned 320 bags of Irish potatoes he desired to ship to Licek Potato Chip Company at Decatur, Illinois; (2) he contracted with plaintiff Booth to transport the potatoes to Decatur and to deliver them to Peed's consignee; (3) plaintiff Booth "procured" a tractor and trailer van with driver (defendant Brown) from Paul Bullock to transport the potatoes, and the potatoes were loaded upon the trailer; (4) whereupon Brown departed with the truck and trailer with Decatur as his ostensible destination; (5) on 3 July 1954, upon arriving in Mount Airy, Brown had some trouble in respect to his registration certificates; (6) having straightened out this trouble, Brown departed from the regular route to Decatur, went to Asheville, and conspired with the other defendants to purchase said potatoes and to pay him at the rate of $1 per bag; (7) in the contract between plaintiffs, Booth agreed to pay Peed, in the event of nondelivery, damages in the sum of $3.25 per bag; (8) upon the nondelivery of the potatoes, Booth paid Peed the sum of $1040; (9) the sum paid by Booth "was tendered in part settlement of any claims that the plaintiff Peed might have against the plaintiff Booth and was accepted by the plaintiff Peed as such to be used as a credit upon whatever sum the plaintiff Booth might owe by nondelivery of the said potatoes;" (10) "in consequence thereof the plaintiff Booth is subrogated to the extent of his said payment, to wit: $1040.00 to whatever recovery the plaintiff Peed may be entitled."

Plaintiff Peed further alleges that the potatoes were reasonably worth $5.50 per bag, and that the conversion of said potatoes by defendants has caused him damage in the sum of $1600. On behalf of Booth it is alleged that he has paid plaintiff Peed in part, to wit, $3.25 per bag, on account of the wrongful conversion of the potatoes by the defendants and the nondelivery thereof to the consignee, as he had contracted to do, and that he is entitled to be subrogated to the rights of plaintiff Peed *pro tanto* and to receive out of the recovery herein the

amount paid by him to reimburse him for said payment under the doctrine of subrogation. Both plaintiffs pray that they recover of the defendants the sum of $1600 with interest and costs.

The demurrer was overruled and defendants appealed.

*John A. Wilkinson for plaintiff appellees.*

*J. W. Haynes and Zebulon Weaver, Jr. and Rodman & Rodman for defendants Burleson's Inc., E. C. Burleson, and Charles R. Pinkston.*

BARNHILL, C. J.   Only one cause of action is stated in the complaint, and that is the cause of action against the defendants for the wrongful conversion of the shipment of potatoes.

We have here, in the first instance, a case of bailment in which the respective rights of the bailor and the bailee to recover for the conversion of the bailed property is at issue.

Of course the bailor, being the owner of the property, can maintain an action for the recovery of the bailed property converted by third parties while the property was in the hands of the bailee. That right is not challenged in this action.

It is equally true that the bailee has such an interest in the property in his possession as entitles him to maintain an action against third parties for damage to or conversion of the property. *R. R. v. Baird,* 164 N.C. 253, 80 S.E. 2d 406; 6 A.J. 400, sec. 302 *et seq.*

"It has been uniformly held that the bailee has a right of action against a third party, who by his negligence causes the loss of or an injury to the bailed articles, and this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss. (Citing cases.)" *Hopkins v. Colonial Stores, Inc.,* 224 N.C. 137, 29 S.E. 2d 455; 6 A.J. 403.

The question here presented is this: May the bailor and bailee jointly maintain an action for the conversion of the bailed property? Our statute answers in the affirmative: "All persons having an interest in the subject of an action and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative, except as otherwise provided." G.S. 1-68; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750; McIntosh, N.C.P.&P. 213, sec. 229.

"In a proper case, of course, an action for conversion may be maintained jointly by two or more persons. Indeed, all courts recognize the propriety of a joint action by all co-owners of personalty who have been injured in their rights by the tort of another." 53 A.J. 929.

". . . Where, through trespass of a third person during the continuance of a bailment, the bailed property is converted, lost, or injured, not only does the bailee in possession have a right of action for the

PEED *v.* BURLESON'S, INC.

interference with his right of possession or special property, but there exists, in general, a concurrent right in the owner or bailor to recover ` for the interference with his general property rights or reversionary interest in the subject of the bailment." 6 A.J. 403.

In order to justify the joinder of parties plaintiff, the interest of the plaintiffs must be consistent. However, the unity or identity required by common law is not necessary. *Burton v. Reidsville,* 240 N.C. 577, 83 S.E. 2d 651; 53 A.J. 929.

To authorize two parties to join as plaintiffs in one action against third parties for the conversion of bailed property, it must be made to appear that (1) the causes of action of the plaintiffs both arose out of the same transaction or a transaction connected with the same subject of action, or (2) both plaintiffs have an interest in the subject of the action and in obtaining the relief demanded. ". . . The fact that the interests of plaintiffs are legally severable, or not common or identical, is no bar to their joinder where they have a common interest in the subject of the action and the relief sought. 47 C.J. 59." *Wilson v. Motor Lines, supra.* These conditions are met in this cause. Hence there is no misjoinder of parties plaintiff. Even though Booth may not be a necessary party, he is a proper party plaintiff to this action. Had either plaintiff Peed or plaintiff Booth instituted the action in his own name alone he would hold the recovery in trust for the other party to the extent of the interest of such party in the property converted.

Strictly speaking, in respect to the rights of Booth, the doctrine of subrogation is not pertinent here. He is joined as a party plaintiff by reason of his special interest in the property converted. This the statute permits.

This action is clearly distinguishable from the line of cases which hold "Two or more persons injured by the same wrongful act must sue separately since each injury is a separate cause of action." McIntosh, N.C.P.&P. 214, sec. 230; *Fleming v. Light Co.,* 229 N.C. 397, 50 S.E. 2d 45. In that line of cases the causes of action were several. Here the interests of plaintiffs are joint.

We conclude, therefore, that there is no misjoinder of causes of action or parties. Therefore the judgment entered in the court below must be

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.