HARVARD TRUST COMPANY *vs.* PETER RACHEOTES.

Middlesex.    November 5, 1957. — February 21, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Mortgage*, Of personal property: damage to mortgaged property. *Subrogation. Unjust Enrichment. Negligence*, Contributory.

The insurer under a collision insurance policy on an automobile payable to a mortgagee thereof, upon paying the mortgagee pursuant to the policy on account of the cost of repairing damage to the automobile caused by a tortfeasor, became entitled by subrogation to the right, but no more than the right, of the mortgagee against the tortfeasor, which was not eliminated by the making of the repairs. [75-76]

A mortgagee of an automobile damaged through the concurring negligence of the mortgagor and a third person in an amount greater than the amount of the mortgage debt could recover from the third person only the amount of the debt: recovery of the rest of the amount of the damage would enure to the benefit of the negligent mortgagor and would result in his unjust enrichment. [76]

TORT. Writ in the Third District Court of Eastern Middlesex dated October 31, 1955.

The action was heard by *Viola,* J.

In this court the case was argued before *Wilkins,* C.J., *Ronan, Spalding, Counihan,* & *Whittemore,* JJ., and afterwards was submitted on briefs to all the Justices.

*Alfred A. Albert,* for the plaintiff.

*Charles E. Colson,* for the defendant.

SPALDING, J. This is an action to recover for property damage to an automobile. The case was heard upon a statement of agreed facts amounting to a case stated.

On July 23, 1955, an automobile owned and operated by one Russell S. Leonard collided with an automobile operated by the defendant. At the time of the accident Leonard was operating his automobile on his own behalf and not as agent of the plaintiff. The collision resulted from the concurring negligence of Leonard and the defendant. Prior to the accident Leonard had mortgaged the automobile to the Harvard Trust Company (hereinafter called Harvard) to secure a loan of $424. When the accident happened the mortgage, although reduced to $318, was still in force and was not in default.

The automobile was covered by a collision policy, issued by the Home Insurance Company of New York (hereinafter called Home), the premiums of which were paid by Leonard.[1] The cost of repairing the automobile was $506.11 and it was paid for by Leonard and Home, Leonard paying $50 as required by a $50 deductible clause in the policy, and Home paying the balance of $456.11. Home paid this balance by a check payable to Harvard and Leonard. By reason of this payment Home became subrogated to the rights of Harvard. The repairs restored the automobile to the same condition it was in prior to the accident.

---

[1] One of the provisions of the mortgage was that the mortgagor shall keep the property insured against fire and theft, "and against such other risks in such amounts as the mortgagee may specify . . . with loss payable to the mortgagee as its interest may appear." There was the further provision that the "mortgagor hereby assigns to the mortgagee any moneys [payable under such insurance] not in excess of any indebtedness of the mortgagor to the mortgagee . . . and directs any insurance company to make payment direct to the holder to be applied to . . . [the] unpaid balance."

The judge found for the defendant and upon report the Appellate Division found no error and dismissed the report. The plaintiff appealed.

Home, the insurer, is the real plaintiff here. But it is subrogated to the rights of Harvard in whose name the action is brought and stands in Harvard's shoes. *Jackson Co.* v. *Boylston Mutual Ins. Co.* 139 Mass. 508, 510. *Boston & Maine Railroad* v. *Hartford Fire Ins. Co.* 252 Mass. 432, 436. *Home Owners' Loan Corp.* v. *Baker,* 299 Mass. 158, 162. The question for decision then is whether Harvard on the foregoing facts is entitled to recover and in what amount.

In *Morris Plan Co.* v. *Hillcrest Farms Dairy, Inc.* 323 Mass. 452, it was held that, whether or not a conditional sale was a bailment in the technical sense, a conditional vendor could have a right of action against a third person who negligently injured the property sold despite the fact that the conditional vendee was contributorily negligent. The defendant assumes — and rightly — that a chattel mortgagee would have a similar right. In *Bell Finance Co.* v. *Gefter, ante,* 69, we held that a conditional sale bore such close resemblance to a chattel mortgage that a conditional vendor, like a mortgagee, could maintain an action, even before default, against a tortious third person for the injury to his security. The defendant argues that here there has been no damage to Harvard's security because the automobile has been restored to its former condition. Consequently, he contends, there is no claim to which Home could be subrogated. The Appellate Division appears to have rested its decision on this ground and cites as authority *Commercial Banking Corp.* v. *Philadelphia Transportation Co.* 162 Pa. Super. Ct. 158. But we are unable to agree with this view. Of course there is not now any impairment to Harvard's security, but that is because the automobile has been repaired, largely at the insurer's expense. The automobile was damaged to the extent of $506.11 and all but $50 of the cost of restoring it was contributed by Home.

Clearly, after the accident, under the principles set forth in the *Bell Finance Co.* case, discussed above, Harvard had

a right to proceed against the defendant for damage to its security, and, under the *Morris Plan Co.* case (*supra*), was not barred by the contributory negligence of the mortgagor. By reason of the policy of collision insurance Harvard did not have to proceed against the defendant to recover for the damage, but called upon Home, the insurer, to pay for it. When Home paid Harvard it thereupon became subrogated to Harvard's rights against the defendant. It becomes necessary, therefore, to determine what rights Harvard had.

In the *Bell Finance Co.* case we held that the conditional vendor could recover from the wrongdoer for the full amount of the damage to the security and was not limited to the amount of the debt. We there observed that if he recovered an amount in excess of the debt he was accountable to the conditional vendee for the overplus. In that case we left open the question whether full recovery (not limited to the amount of the debt) would be allowed in a case where the conditional vendee was guilty of contributory negligence. Here we are faced with that question, because it is agreed that Leonard, the mortgagor, was guilty of contributory negligence. Clearly if Leonard was proceeding against the defendant here he would be barred because of such negligence. If Harvard can recover anything in excess of the debt we would be permitting Leonard to accomplish indirectly what he could not accomplish directly, for, as pointed out above, everything received by Harvard beyond the amount of the debt would enure to his benefit. We are of opinion, therefore, that when a mortgagee (or one suing in his right) is proceeding against a third person for damage to his security which has resulted from the concurring negligence of the third person and the mortgagor recovery should be limited to the amount of the debt. Such a result affords sufficient protection to the mortgagee who is not bound by the mortgagor's contributory negligence and prevents unjust enrichment of the mortgagor in not permitting him to reap benefits to which, had there been no mortgage, he would not be entitled. According to the agreed facts

the amount of the debt at the time of the accident was $318. Harvard can recover no more than that amount, and Home which is suing in the right of Harvard is likewise limited.

*Order of Appellate Division reversed.*
*Judgment for the plaintiff in the sum*
*of $318.*