38002. STORY *v.* PLESS.

DECIDED NOVEMBER 24, 1959.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.*, for plaintiff in error.

*Hewlett, Hewlett & Wall, Sam Hewlett, Jr., Alford Wall*, contra.

GARDNER, Presiding Judge. The evidence as contained in this record is sufficient to sustain the verdict, and we will direct this decision to the special ground only.

Special ground 1 contends that the court erred in instructing the jury as follows: "With reference to the loss of wages, you would have to be guided by the amount that he was earning at the time, the length of time he was out of employment, as developed by the evidence, and would be controlled by those features. You would also, if you find for any future element, be required to reduce such future element to its present cash value, figured at the rate of seven percent per annum. You should also give credit, in estimating any amount for diminished earning capacity, if any, for the natural loss of ability to earn money, giving credit to the defendant for such as would be the natural result by reason of a man growing older, voluntarily abstaining from work, sickness, or other similar circumstances." The special ground goes on to quote a paragraph from the petition to the effect that the plaintiff was an able-bodied man of 23 years of age, earning and capable of earning $70 per week as a truck driver, and that since the date of his injuries the plaintiff has been totally disabled and unable to work at all and will continue so to be in the future,—the exact duration of time cannot be stated. The special ground then quotes extensively from the

evidence in regard to the earnings of the plaintiff. It is contended that there was no evidence on which the jury could base a determination that the plaintiff suffered a diminished or decreased earning capacity. We have read all the evidence carefully and it is our opinion that the evidence not only justifies, but demands, the charge substantially as given by the court.

The defendant makes much of the fact that the plaintiff was still being paid $70 a week by his uncle until shortly before the trial of the case. Being paid by a relative in a case such as this certainly does not indicate that the money was *earned*. The evidence shows positively that the plaintiff was unable to work. The record also shows that the uncle who was paying the plaintiff was an uncle who had reared him and there is no indication that the uncle thought that the plaintiff was earning the money. Plainly the plaintiff was not earning the money since he could not drive a truck and, so far as the record shows, could not engage in any sort of gainful occupation, because of the injury sustained. It is clear to our minds that the uncle was paying the plaintiff for other reasons than earnings made by the plaintiff, and we decline to concur in the theory that the $70 per week paid by the uncle to the plaintiff from the time of the injury to the time of the trial was paid as wages earned. Moreover, it would be grossly unfair to allow the defendant, on appeal, to take advantage of any such contentions. This record does not reflect any reason why the jury should not have been able to arrive at a determination as to the earning capacity of the plaintiff. It does, perhaps, show that the jury brought the potential earning capacity into consideration in arriving at a verdict of $5,000 when the petition alleged injury and damages amounting to $75,000. In *Nashville, C. & St. L. Ry. Co.* v. *Miller*, 120 *Ga.* 453(1) (47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210), the Supreme Court said: "The fact that a person other than the wrongdoer, as a mere gratuity, pays to one injured as the result of his negligence a sum of money equal to the amount he would have earned had he been able to work during the period of disability, will not mitigate the damages due by the wrongdoer to the injured party for lost time." The excerpt from the charge of the court as set out in special ground 1 shows no reversible

error. The whole charge was fair and accurately adjusted to the pleadings and the evidence.

The court did not err in denying the motion for new trial.

*Judgment affirmed.   Townsend and Carlisle, JJ., concur.*