121 Ga. App. 196 (1970)
173 S.E.2d 242
CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY COMPANY
v.
HILLEY.
44968.
Court of Appeals of Georgia.
Argued January 8, 1970.
Decided February 16, 1970.
*198 Pittman & Kinney, L. Hugh Kemp, Donald Loggins, for appellant.
EBERHARDT, Judge.
1. Appellee having failed to point out any material inaccuracy or incompleteness of statement in appellant's brief and having made no additional statement or cited any additional parts of the transcript, we accept appellant's statement as prima facie true and decide the case on the basis of the statement and the evidence cited and quoted. Rule 17 (b) (1), this court (111 Ga. App. 883, 890; Code Ann. § 24-3617 (b) (1); Veal v. Riner, 214 Ga. 539 (106 SE2d 26); Ga. Stainless Steel Corp. v. Bacon, 120 Ga. App. 239 (170 SE2d 270).
2. (a) There can be no doubt that a bailor[1] has a right of *199 action against a third party for damage to the bailed property resulting in injury to his rights of general property or reversion. Code §§ 12-210, 105-1704, 105-1705; Lockhart v. Western & A. R., 73 Ga. 472 (54 AR 883); Southern Bonded Whse. Co. v. Roadway Express, Inc., 104 Ga. App. 458 (3) (122 SE2d 147); 8 AmJur2d 1138, Bailments, § 252; Restatement (Second), Torts § 220. It was contended in support of defendant's motion for directed verdict, however, that since Southern, the bailee, had repaired the locomotive and restored it to its former condition, plaintiff bailor had suffered no loss or damage.
This contention is without merit. In Harvard Trust Co. v. Racheotes, 337 Mass. 73 (147 NE2d 817, 67 ALR2d 596), an insurance company which had become subrogated to the rights of the mortgagee of an automobile sued a third party to recover for damages to the automobile which had been repaired at the expense of the insurance company and the mortgagor. The defendant argued that there was no injury or damage to the mortgagee's interest in the security because the automobile had been restored to its former condition, so that there was no claim to which the insurance company could be subrogated. This contention was rejected, the court holding, under prior decisions (Bell Finance Co. v. Gefter, 337 Mass. 69 (147 NE2d 815, 67 ALR2d 578); Morris Plan Co. v. Hillcrest Farms Dairy, Inc., 323 Mass. 452 (82 NE2d 889)), that chattel mortgagees and conditional vendors, whether technically bailors or not, had a right of action against a third person whenever a bailor would have one, and reasoning that after the collision the mortgagee had a right to proceed against the third party for damage to its security, it being immaterial that the automobile had been repaired at the time of suit.
Similarly, in Anheuser-Busch, Inc. v. Starley, 28 Cal. 2d 347 (170 P2d 448, 166 ALR 198), the owner of personal property being transported by a carrier sued a third party for damages to the property flowing from a collision between defendant and the carrier. Prior to the action the carrier paid the owner for the damage to the property, and the trial court granted defendant's motion for directed verdict on the ground that the owner had been fully compensated for its loss and that it was *200 not a proper party plaintiff. The Supreme Court of California reversed, holding applicable the "collateral source rule" (see 22 AmJur2d 286, Damages, § 206) that where a person suffers personal injury or property damage by reason of wrongful act of another, an action against the wrongdoer for the damages suffered is not precluded nor is the amount of the damages reduced by the receipt of payment for his loss from a source wholly independent of the wrongdoer. Implicit in this holding, of course, is that the bailor's cause of action for injury to its interest accrued at the time of the collision which was not affected by a subsequent payment by the bailee.
In McCoy v. Moore, 185 Okla. 253 (91 P2d 87), it was held that a bailor was not precluded from bringing an action against a third party tortfeasor because the bailed automobile was repaired at the expense of the bailee, the court stating: "We think it cannot be questioned that from and immediately after the collision the owner of the automobile acquired a right of action in tort against the [third party]." And see Price-Bass Co. v. Owen, 24 Tenn. App. 474 (146 SW2d 149), where it was held that payment by the bailee to the owner for damages to the bailed automobile did not constitute an accord and satisfaction so as to prevent the owner from bringing an action against the third-party tortfeasor. See also Peed v. Burleson's, Inc., 242 N. C. 628 (89 SE2d 256), where both bailor and bailee were allowed to sue jointly a third party for conversion, although the bailee had paid the bailor the agreed indemnity for the loss of the shipment.
The decisions in our courts are in harmony with the cited cases. In Raleigh & Gaston R. Co. v. Western & A. R. Co., 6 Ga. App. 616 (65 SE 586), it was held that a bailee's right of action for injury to property in its possession accrues at the time of the injury. And since "[i]n cases of bailments, where the possession is in the bailee. a trespass committed during the existence of the bailment shall give a right of action to the bailee for the interference with his special property and a concurrent right of action to the bailor for the interference with his general property" (Code § 105-1704), the bailor's right of action for injury to its interest also accrues at the time of *201 injury. This being so, under the "collateral source rule" which also obtains in this jurisdiction,[2] the bailor's right of action was not affected by the subsequent repairing of the locomotive by *202 Southern, the bailee, whether gratuitous or not.[3] This is a matter to be adjusted between the bailor and the bailee and does not affect the grounds or the measure of liability of a third-party tortfeasor by whose neglect the property was damaged. Thus, appellant bailor could recover for the proven damages to its locomotive and it was error to direct the verdict for defendant.
(b) As to recovery by the bailor for loss of use of the locomotive, the general rule is that an owner of property out of possession can only recover against a third person for an injury done to his reversionary interest or for interference with the availability of the chattel to his possession. Johnson v. Lovett, 31 Ga. 187; Restatement (Second), Torts § 220, Comment (b). However, the rule is different if the owner is entitled to immediate possession, such as a bailor at will, or a bailor for a term after the term has expired, or the bailee has defaulted. Restatement (Second), Torts § 219, Comment (a). "Thus the rule may be summed up by saying that a bailor at will may recover full damages, but a bailor for a term may recover only for the harm done his reversionary interests. . ." 8 AmJur2d 1138, Bailments, § 252.
The evidence cited by appellant bailor is to the effect that the railroads within the system used locomotives interchangeably, the user paying the owner a sum calculated on the amount of use. Since the bailment was not for a term but at will and the loss of use was an injury to the bailor's rather than the bailee's interest, and there being ample evidence to show the value of the loss of use, the bailor could recover therefor. Thus the directing of a verdict for defendant was erroneous for this reason also.
*203 3. (a) Although appellant bailor has not separately enumerated as error the overruling of each ground of the motion for new trial, since the motion as amended is included in the record and the brief argues each ground separately, the enumeration of the overruling of the motion as amended reaches these special grounds. City of Douglas v. Rigdon, 116 Ga. App. 306 (1) (157 SE2d 66) and cases cited; Lovett v. State, 108 Ga. App. 478 (1) (133 SE2d 595).
(b) The special grounds complain of the exclusion of evidence relating to the custom, practices, and course of dealings of the railroads in regard to the interchanging of locomotives. The evidence was not offered to vary a written or specific oral contract in the sense of the parol evidence rule  no such contract existed, and the customs, course of dealings, etc., were the contract. Among other things the evidence as to the interchange of locomotives generally would have shown the nature and extent of this particular bailment made in the course of such dealings, including the fact that appellant bailor would be charged for the repairs made by the bailee Southern. The evidence was admissible and its exclusion was error. See, e.g., Wood v. Frank Graham Co., 91 Ga. App. 621, 626 (86 SE2d 691), a bailment case wherein Judge, now Justice, Nichols, after a thorough review of the authorities, stated for this court: "The above cases hold without dispute that in this State the introduction of evidence as to a general custom in a trade or business is permissible to show the full extent and purport of an agreement where such custom is not subject to the exceptions mentioned [such as where it is inconsistent with a written contract]."
Judgment reversed. Jordan, P. J., and Pannell, J., concur.
NOTES
[1] Concerning the bailee's rights, see Schley v. Lyon, 6 Ga. 530; Lockhart v. Western & A. R., 73 Ga. 472, supra; Marietta Ice & Coal Co. v. Western & A. R. Co., 24 Ga. App. 725 (102 SE 182); Cincinnati, N. O. &c. R. Co. v. Hilley, 118 Ga. App. 293 (2), supra.
[2] (a) Property damage  collateral source insurance: City of Rome v. Rhodes, 134 Ga. 650 (1) (68 SE 330); Barrett v. Western & A. R. Co., 144 Ga. 47 (1) (85 SE 1016); Hollomon v. Hopson, 45 Ga. App. 762 (7) (166 SE 45); Koon v. Atlantic C. L. R. Co., 90 Ga. App. 877, 879 (84 SE2d 703); Partridge v. Lee, 116 Ga. App. 800, 801 (159 SE2d 113). And see Powell v. Crowell, 63 Ga. App. 890 (2) (11 SE2d 918); Royal Crown Bottling Co. v. Stiles, 82 Ga. App. 254 (2) (60 SE2d 815); Renfroe v. Fouche, 26 Ga. App. 340 (5) (106 SE 303). Cf. Alwood v. Commercial Union Assur. Co., 107 Ga. App. 797 (131 SE2d 594).

(b) Wrongful death  (1) collateral source insurance: Western & A. R. v. Meigs, 74 Ga. 857 (5); (2) collateral source workmen's compensation: Athens R. &c. Co. v. Kinney, 160 Ga. 1, 4 (127 SE 290); Rome R. &c. Co. v. Jones, 33 Ga. App. 617 (1) (127 SE 786); (3) collateral source compensation from State: Trice v. Wilson, 113 Ga. App. 715 (149 SE2d 530).
(c) Personal injuries  (1) collateral source continuation of wages: Nashville, C. & St. L. R. Co. v. Miller, 120 Ga. 453 (1-3) (47 SE 959, 1 AC 210); Western & A. R. Co. v. Sellers, 15 Ga. App. 369, 375 (83 SE 445); Wachtel v. Leonard, 45 Ga. App. 14 (1) (163 SE 512); (2) collateral source workmen's compensation: Blair v. Smith, 201 Ga. 747 (41 SE2d 133); Hotel Equipment Co. v. Liddell, 32 Ga. App. 590 (1) (124 SE 92); Sheffield Co. v. Phillips, 69 Ga. App. 41 (1) (24 SE2d 834); Gay v. Greene, 91 Ga. App. 78 (2) (84 SE2d 847). And see Echols v. Chattooga Mercantile Co., 74 Ga. App. 18, 23 (38 SE2d 675); Smith v. Payne, 85 Ga. App. 693, 699 (70 SE2d 163); Borochoff v. Fowler, 98 Ga. App. 411 (2) (105 SE2d 764); (3) collateral source insurance: Thompson v. Milam, 115 Ga. App. 396 (154 SE2d 721); (4) collateral source employer's payment of medical bills and money to live on: Limbert v. Bishop, 96 Ga. App. 652, 657 (101 SE2d 148); (5) collateral source payments by relatives in substantially the amount of lost wages: Story v. Pless, 100 Ga. App. 756 (112 SE2d 407); (6) collateral source nursing care furnished by relatives: Howard v. Hall, 112 Ga. App. 247, 254 (145 SE2d 70); (7) collateral source room and board furnished by relatives: Southeastern Greyhound Lines v. Fisher, 72 Ga. App. 717, 723 (34 SE2d 906); (8) collateral source retirement benefits: Southern R. Co. v. Cabe, 109 Ga. App. 432, 440 (136 SE2d 438).
[3] Conversely, the fact that the bailee has paid the bailor the value of the property destroyed does not affect the bailee's right of action against the tortfeasor. Marietta Ice & Coal Co. v. Western & A. R. Co., 24 Ga. App. 725 (1), supra.