JESSIE BOTTOMS MABE v. RANDY DILLON, D/B/A WALKERTOWN EXXON

No. 7921DC941

(Filed 15 April 1980)

1. **Trover and Conversion § 3; Rules of Civil Procedure § 8.2— answer not filed—allegations of complaint admitted**

    Where plaintiff alleged that she owned a car, that defendant wrongfully took possession of the car, and that he deprived plaintiff of possession of the car, such allegations were deemed admitted by defendant's failure to answer, and the trial court erred in directing verdict for defendant.

2. **Bailment § 5; Estoppel § 4.4— bailment of car—no indicia of ownership—no estoppel to assert ownership**

    Plaintiff was not estopped to assert her title to a car against defendant, even if he were an innocent purchaser, merely because she left it in the possession of a third person, since she did not give the third person any indicia of ownership of the automobile.

APPEAL by plaintiff from *Alexander (Abner), Judge.* Judgment entered 28 June 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 27 March 1980.

Plaintiff filed a verified complaint, which was personally served on defendant on 2 April 1979, alleging she is the owner of

a 1967 Chrysler automobile and that defendant has wrongfully taken possession of it and converted it to his own use. Defendant has not filed any answer to the complaint.

Upon the hearing on 27 June 1979, plaintiff's evidence showed she owned the Chrysler car and had left it parked on the property of Ronald and Stella Church. Stella Church decided to separate from Ronald, so plaintiff and Stella left in Stella's car, leaving plaintiff's car. The car had a radiator leak and plaintiff had acquired another radiator which Ronald Church had promised to install. Plaintiff's certificate of title to the car was introduced into evidence. Ronald Church testified he wanted to get rid of the car and called defendant to come and get it. He did not tell defendant he was the owner of the car and defendant did not ask him any questions. Church did not have a title or key to the car and defendant towed the car to his service station. The next day or so, Church told defendant that the car was not his. Defendant had started to strip the car the day he got it as he wanted to use it in a "demolition derby." The car had a value of $500 before defendant took it and has no value now.

At the close of the evidence, defendant moved for a directed verdict, which was allowed by the court.

*Legal Aid Society of Northwest North Carolina, Inc., by Ellen W. Gerber, for plaintiff appellant.*

*Wright and Parrish, by Carl F. Parrish, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] Defendant failed to file any answer or other responsive pleading to plaintiff's verified complaint. Plaintiff alleged (1) she is a citizen and resident of Forsyth County, (2) she is the owner of a 1967 Chrysler car, certificate of title attached as an exhibit, (3) on 12 March 1979 defendant wrongfully took possession of plaintiff's car and has deprived plaintiff of possession of the car, (4) plaintiff's car has a value of $500. Plaintiff's complaint states a good cause of action; defendant does not contend otherwise. The allegations in plaintiff's complaint cast upon defendant the burden to file a responsive answer or suffer the effect of the failure to deny the allegations. Allegations in a complaint to which a respon-

sive pleading is required are admitted when not denied by defendant. Rule 8(d), N.C.R. Civ. Proc.; *Clary v. Board of Education*, 286 N.C. 525, 212 S.E. 2d 160 (1975).

In *Fagan v. Hazzard*, 29 N.C. App. 618, 225 S.E. 2d 640 (1976), plaintiff sought damages for conversion of personal property. Defendant failed to file answer and plaintiff did not request entry of default or a default judgment. Our Court held that Rule 8(d) of the North Carolina Rules of Civil Procedure applied and that the averments of the complaint with respect to the conversion were admitted, leaving only the issue of damages to be resolved.

It is obvious in this case that the trial judge was not cognizant that defendant had failed to answer plaintiff's complaint. Nor do counsel address this question in their briefs. Nevertheless, we are bound by the record on appeal. *Griffin v. Barnes*, 242 N.C. 306, 87 S.E. 2d 560 (1955).

We hold the allegations of plaintiff's complaint, except that of damages, are admitted by defendant's failure to answer and the only issue for resolution at trial is that of damages. The trial court erred in granting defendant's motion for directed verdict.

[2] In addition, the judgment must be reversed because the evidence, when considered in the light most favorable to plaintiff, establishes a wrongful conversion by defendant. Even assuming arguendo, which we do not concede, that the evidence establishes as a matter of law a bailment of the car between plaintiff and Ron Church, plaintiff can maintain an action for damages for conversion of the property by defendant. *Peed v. Burleson's, Inc.*, 242 N.C. 628, 89 S.E. 2d 256 (1955). Plaintiff is not estopped to assert her title to the car against defendant merely because she left it in the possession of Church, unless she clothed him with some indicia of title. This is true even though the defendant may have been an innocent purchaser. *Hawkins v. Finance Corp.*, 238 N.C. 174, 77 S.E. 2d 669 (1953). Plaintiff did not give Church any indicia of ownership of the automobile, such as the key or the certificate of title.

When Church transferred possession of plaintiff's car to defendant without authority, defendant did not acquire any title to the car as against plaintiff. Plaintiff may recover the car from defendant or hold him liable for its value. *Id.*; 8 Am. Jur. 2d Bailments § 86 (1963).

The judgment of the trial court is reversed, and the cause remanded to the District Court of Forsyth County for trial on the issue of damages.

Reversed and remanded.

Judges VAUGHN and CLARK concur.