## JENNINGS, GRESHAM & COMPANY v. HUGGINS.

1. On the trial of an action against a debtor to enforce a materialman's lien for materials sold to and used by him in the improvement of certain real estate, of which he was in possession as the ostensible owner, the record of a claim of lien asserted by the plaintiff against the defendant's wife, as the owner of the property, for materials furnished to improve the same, is inadmissible in evidence, because of the obvious variance between the pleading and the proof offered to sustain it.

2. Such an action can not be converted into one against the wife by an amendment alleging that her husband acted as her agent in purchasing the materials and using them in making improvements upon real estate belonging to her.

3. The grant of a nonsuit was proper.

Submitted March 3,—Decided May 11, 1906.

Foreclosure of lien. Before Judge Martin. Pulaski superior court. February 15, 1905.

*W. L. & Warren Grice,* for plaintiffs.

*Hall & Wimberly* and *T. C. Taylor,* for defendant.

EVANS, J. This was a suit to enforce a materialman's lien. Petitioners alleged that they were materialmen, and, as such, furnished J. L. Huggins certain material which was used by him in the building of a certain dwelling-house, and for the improvement of certain described real estate; that, within three months after the materials were furnished, plaintiffs had duly recorded their claim of lien on the real estate described; that in payment of the materials so furnished they accepted a note of the defendant, which is past due and unpaid; that no security was taken by the plaintiffs; and that the defendant refused to pay them on demand. The prayer was for a general judgment against the defendant and a special judgment against the specific real estate. The defendant filed his defense, denying the material allegations of the petition. On the trial it was admitted by the plaintiffs that the defendant had been discharged in bankruptcy; and the petition was amended by striking therefrom the prayer for a general judgment. The plaintiffs then submitted the following evidence: They sold and furnished to the defendant the material for which the note was given; the material was used in constructing a system of waterworks and plumbing for the house and premises occupied by defendant and his wife and family; no security was taken, and the material has never been paid for; a demand for payment was made upon the defendant be-

fore bringing suit; plaintiffs complied with their contract with the defendant, and he is indebted to them in the amount sued for; and the claim of lien relied on was recorded within three months and suit instituted within twelve months from the time the material was furnished.    The plaintiffs thereupon tendered in evidence their recorded lien, of which the following is a copy: "Jennings, Gresham & Co., materialmen and mechanics, claim a lien on the house and premises on which it is built of Mrs. J. L. Huggins, situated in the city of Hawkinsville, Pulaski county, Georgia, on the southwest corner of Merritt and Dooly streets, said house and lot being occupied as a residence by J. L. Huggins and family, for work done and material furnished for said house and premises, to the amount of two hundred and seventy-five dollars, besides interest on said sum from the 10th day of February, 1902."    Objection was made to this paper being received in evidence, because it showed on its face that the property on which the lien was claimed belonged to Mrs. J. L. Huggins, and she was not a party to the suit.    The court sustained the objection and refused to admit the evidence.    Plaintiffs then offered an amendment to their petition and proof to sustain the same, to the effect that the premises belonged to Mrs. Huggins at the time of recording the lien, but were being occupied by her husband and his family and were managed and controlled by him as her agent, and the materials were used with her knowledge and consent for the improvement of her property.    The court refused to allow this amendment and additional proof; and no further evidence being offered by the plaintiffs, a judgment of nonsuit was entered against them.    They assign error on the refusal of the court to admit in evidence their recorded lien, on the rejection of the proffered amendment and the proof offered in support thereof, and on the judgment of nonsuit.

1. Although there was no specific assertion in the petition that the defendant was the owner of the premises alleged to have been improved by the plaintiffs, yet his claim of ownership might be inferred from the various allegations.    The material was sold to him and was used in improving the real estate described in the petition. There is not the slightest suggestion that, in purchasing the material furnished, he did so as a contractor or agent, or otherwise than as owner of the premises.    Certainly the petition can not be construed to be an attempt to enforce a materialman's lien against the

wife of the defendant as the true owner of the real estate improved. The claim of lien as recorded described the property as belonging to Mrs. J. L. Huggins, and was an assertion of a claim of lien as against her as the owner of the property. It was rejected because the suit was not to enforce a lien as against her upon real estate of which she was the true owner; she was not a party to the suit, and no judgment or relief against her was asked by the plaintiffs. So far as appears, the plaintiffs have never recorded a claim of lien upon the premises as the property of the defendant. Their counsel argues, nevertheless, that the effect of the exclusion of the evidence objected to by him was to allow a defendant in a lien foreclosure to defend because of lack of title. It is true that a defendant can not defeat an action for foreclosing and enforcing the statutory lien of a materialman by pleading want of title in himself and alleging title in a third person not a party to the suit. *Ford* v. *Wilson*, 85 *Ga.* 109. But this principle is not applicable here. In the case in hand, the rejection of the recorded lien is based upon the obvious variance between the allegata and the probata. The suit is against the husband to enforce a lien claimed as against him for materials furnished and sold to him, and alleged to have been used in the improvement of certain real estate, the ownership of which is not alleged in the petition. The timely recording of an assertion of a lien upon the premises as the property of his wife, and which could only be available in a suit against her to subject the property to the plaintiffs' claim of lien thereon, does not furnish any evidence of a right on their part, under the statute, to a special judgment against him to enforce a lien against property of which he is the ostensible owner. If he be admittedly not the owner of it, the court can not be called upon to do the vain thing of declaring that the plaintiffs have a claim of lien thereon which can be enforced by a special judgment against him, instead of against the true owner, who is not a party to the suit. A materialman's lien does not arise against the real estate of the true owner unless the material is furnished directly to the true owner or "to one who occupied the legal relation of a contractor, or one who had some contractual relation with the true owner in connection with the improvements to be made." *Pittsburgh Co.* v. *Peters Co.,* 123 *Ga.* 726. It is not alleged that the materials were furnished to Mrs. Huggins, in person or through the medium of an agent, but that

they were sold and furnished to J. L. Huggins in his individual capacity. Nor is it alleged that the husband sustained any contractual relation towards the wife with respect to the improvement of the real estate. The suit is against him alone, to enforce a lien for materials furnished him on his individual credit, which were used by him in improving premises of which he was ostensibly the owner. The recorded claim of lien for materials used in improving real estate which the plaintiffs therein asserted belonged to the wife of the defendant was wholly irrelevant and was properly excluded from evidence.

2. The court also properly declined to allow the proffered amendment. The plaintiffs thereby sought to convert the action against the husband into one against the wife, without making her a party to the suit or giving her any opportunity to defend it. If it be true that Huggins acted as the agent of his wife in purchasing the materials, and the plaintiffs sold them to his undisclosed principal, then the contract of purchase was his wife's contract and the improvements were made by her; through her authorized agent, upon property of which she was the owner. She would be accordingly liable to the plaintiffs, and they should have proceeded against her. A suit against one who acted as the agent of an undisclosed principal can not be converted into an action against such principal upon the excuse that only a special judgment against the principal's property is prayed. Even a special judgment can not be obtained against one on a debt contracted by his agent unless the principal is in some way made a party to the proceeding and is given his day in court.

3. A sine qua non of a proceeding to enforce a materialman's lien is the filing and record of the claim of lien as provided by the statute. None was shown, and a nonsuit was the logical and only proper result of the case.

*Judgment affirmed. All the Justices concur.*