JAMES G. WILSON MANUFACTURING COMPANY *v.* CHAMBERLIN-JOHNSON-DUBOSE COMPANY *et al.*

FISH, C. J. 1. "Want of title in the defendant to the premises on which the lien is claimed, and alleged title in a third person who is .no party to the suit, will not bar an action for foreclosing and enforcing the statutory lien of a materialman." If the defendant "has any interest in the premises upon which the lien can take effect, that interest is bound." *Ford* v. *Wilson,* 85 *Ga.* 109 (11 S. E. 559); *Porter* v. *Wilder,* 62 *Ga.* 521 (6), 527. See *Jennings* v. *Huggins,* 125 *Ga.* 338, 340 (54 S. E. 169).

2. "Every legal interest in real and personal property can be" seized and sold. "The debtor and defendant will not be permitted to deny the title, or set it up in any one else." *Pitts* v. *Hendrix,* 6 *Ga.* 452, 454; *Whatley* v. *Newsom,* 10 *Ga.* 74; Jackson *v.* Graham, 3 Caines (N. Y.), 188. An estate for years may be bought and sold as any other estate. *Clark* v. *Herring,* 43 *Ga.* 227.

3. The words "true owner," as used in the Civil Code, § 3352, providing for liens of materialmen and all persons furnishing material for the improvement of real estate, are sufficiently comprehensive to include the owner of a leasehold estate, and the liens therein provided for may at-tach to the interest of a lessee who has an estate for years in the demised premises, subject to the conditions of the lease. 2 Jones on Liens, § 1272; Phillips on Mechanics' Liens (3d ed.), §§ 83, 84; Kneeland on Mechanics' Liens, § 39; 27 Cyc. 30; 20 Am. & Eng. Enc. Law, 301, 303; and the numerous cases cited by these authorities in support of the proposition announced; also the note to *Crutcher* v. *Block* in 14 Ann. Cas. 1029 (19 Okla. 246, 91 Pac. 895). That a laborer or mechanic is entitled to a lien on whatever interest his employer had in the property at the time the work was done, or the materials were furnished, has been recognized by this court in a number of cases, namely: *Harman* v. *Allen,* 11 *Ga.* 45; *Callaway* v. *Freeman,* 29 *Ga.* 408, 410; *Breed* v. *Nagle,* 46 *Ga.* 112 (3); *Walker* v. *Burt,* 57 *Ga.* 20 (2); *Gaskill* v. *Davis,* 61 *Ga.* 645 (3); *Reppard* v. *Morrison,* 120 *Ga.* 28 (47 S. E. 554); *Central of Ga. Ry. Co.* v. *Shiver,* 125 *Ga.* 218 (53 S. E. 610).

4. In 1910 a private corporation leased from the owners thereof certain city lots for a term of twenty-one years, agreeing to pay specified annual rentals, and, after the first year, all taxes, assessments, insurance premiums, and expenses for repairs, and agreeing further to tear down the building then on the premises and to erect in its stead a building in accordance with certain plans and specifications, with the right to add improvements thereto, or to replace it with a building or buildings to cost not less than the one replaced, and equally adaptable to general business purposes; also stipulating to keep the building or buildings

38

insured to three fourths of their value and for the lessors' protection, and should the same be injured or destroyed by fire or other casualty, during the term, to have them repaired or replaced, and, at the expiration of the lease, to deliver the premises in good condition to the lessors, the building then on the premises to become their property; the lessee having the right to sublet the premises, provided "the business to be conducted therein be not of an objectionable character." *Held*, that the lessee had an estate for years in the leased premises, and that a materialman's lien could attach to and be enforced against such interest, subject to the conditions of the lease.

5. Under the evidence for the plaintiff, the court erred in granting a nonsuit.

*Judgment reversed. Atkinson and Hill, JJ., disqualified. The other Justices concur.*

SEPTEMBER 26, 1913.

Lien foreclosure. Before Judge Ellis. Fulton superior court. March 14, 1912.

*Leonard Haas,* for plaintiff.

*Smith, Hammond & Smith* and *Dodd & Dodd,* for defendants.