## JOHNSON *v.* BRICE *et al.*

GILBERT, J. The court did not err in holding that the contract between Brice and A. R. Hardison was one of landlord and tenant, and that it did not create an estate for years; and in directing a verdict for the defendant.      *Judgment affirmed. All the Justices concur.*

No. 2206. MAY 10, 1921.

Equitable petition. Before Judge Mathews. Bibb superior court. June 10, 1920.

M. H. Johnson filed an equitable petition against William Brice, A. R. Hardison, and M. H. Hardison, alleging as follows: On August 24, 1915, a contract was made between William Brice and A. R. Hardison, which recited that " the said William Brice doth hereby lease to the said A. R. Hardison " described land containing nineteen acres, " the said lease to be for a term of fifteen (15) years beginning January first, 1916, at one hundred dollars per year, payable on the first day of October of each year, during the continuance of said lease. A failure to comply with this condition terminates this contract of lease." On October 15, 1915, Hardison orally leased to M. H. Johnson for 15 years 3.34 acres of the 19 acres of land covered by the contract between Brice and Hardison. A provision of the agreement between Hardison and John-

son was, that, if Hardison should for any reason fail to comply with the terms of his contract with Brice, Johnson would have the right to pay to Brice the annual rental provided in the lease from Brice to Hardison and thereupon should succeed to all the rights of Hardison.  After Johnson had taken possession of the 3.34 acres of land covered by the contract between himself and Hardison and had made considerable improvements and expended considerable sums for fertilizer and labor thereon, Hardison refused to execute and deliver to him a writing containing the terms of their agreement.  Johnson procured in Bibb superior court a decree compelling Hardison to specifically perform the contract between them, and enjoining him from making any disposition of the land contrary to his agreement with Johnson, and providing that the decree should operate as a lease contract.  William Brice and A. R. Hardison conspired to defeat Johnson's rights, and in pursuance thereof caused the following entry to be made upon the contract between Brice and Hardison: " Ga. Bibb County.  The debt which the within instrument was given to secure having been paid, the Clerk of the Bibb Superior Court is hereby authorized to cancel the same of record.  A. R. Hardison." Entry of satisfaction was accordingly made upon the record of said contract.  Brice has attempted to enter into a new contract of lease with M. H. Hardison, a nephew of A. R. Hardison. M. H. Hardison is threatening to take possession of the land and dig up the fruit-trees which Johnson has planted.  Johnson believes M. H. Hardison had actual notice of the decree entered in the suit by Johnson against A. R. Hardison, and of Johnson's rights.  Johnson tendered to Brice in cash the annual rental provided in the contract made by him with Hardison, immediately upon being informed of the attempted cancellation of the lease made by Brice to A. R. Hardison and the new lease to M. H. Hardison; but this tender was refused by Brice.  The prayers are, for injunction to prevent M. H. Hardison from entering upon or interfering with the land; for decree requiring A. R. Hardison to revoke the attempted cancellation of the lease between Brice and himself; that Brice be enjoined from renting, leasing, selling, or in any way encumbering said tract of 19 acres during the period covered by the lease to A. R. Hardison, 15 years; that petitioner have a decree authorizing him to occupy, use, and cultivate said 19 acres

of land upon payment or tender of the annual rental of $100 to Brice; and for process and general relief. Brice and M. H. Hardison answered, denying all the material averments of the petition, and by amendment alleged that Johnson had wrongfully taken possession of the 3.34 acres of land, and prayed for recovery of possession thereof and mesne profits. A verdict finding for the defendants Brice and M. H. Hardison the recovery of said 3.34 acres, and against all the plaintiff's prayers, was directed by the court; and decree was entered accordingly. Upon the trial, at the April term, 1920, of the superior court Brice testified: " A. R. Hardison paid me the rent every year while he had possession of it, including 1919." Defendant also introduced in evidence thirteen promissory notes, one due on October 1, 1917, for $100 principal, and one for the same amount due on the first of October of each succeeding year thereafter, and identified by witness William Brice as being the notes executed and delivered by A. R. Hardison at the time the contract of August 24, 1915, was executed and delivered, the first five notes of said series being dated August 24, 1915, and the rest of the notes dated October 24, 1915. The notes covered thirteen years, all were signed by A. R. Hardison, payable to the order of William Brice, and each recited that it was "for rent of land in Rutland District, Bibb County, Georgia." Across the end of each note, and separated from the body of the note by two parallel lines, was printed the following language: "Rent Note. In case the premises are rendered untenable by fire, rent to cease from date of fire." In the body of each note was printed the following: "It is agreed that no change, alterations, or repairs shall be made by tenant without the written consent of the landlord." The bill of exceptions recites that the court below construed the contract between Brice and A. R. Hardison as not creating an estate for years, but as giving to Hardison only the right of a tenant to occupy said lands. Johnson, the plaintiff in error, contends that the contract between Brice and A. R. Hardison did create an estate for years, and that by virtue of the decree in the suit of Johnson against A. R. Hardison, Johnson succeeded to all the rights of A. R. Hardison under that contract, subject to the condition named in the decree, to wit: "if the said A. R. Hardison should for any reason fail to pay the said Wm. Brice the lease rent according to the contract

between the said Brice and Hardison, . . the said M. H. Johnson shall have the right to pay to the said Wm. Brice the rent annually as provided for in said contract, and shall thereupon succeed to all the rights of the said A. R. Hardison under and by virtue of his contract with the said Wm. Brice." Error is assigned upon the direction of the verdict and the decree.

*Jordan & Moore,* for plaintiff.