GRIFFITH *et al. v.* SMITH *et al.*

HILL, J. Where S. " rented " from S. and F. " a certain building . . for a term of five years and the privilege of five more at the same monthly rental " named in the contract; and where the tenant entered possession of the premises, and pending such possession did " transfer and assign the attached lease to G. and P., in so far as I have authority so to do and as my interest may appear;" and where the original rent contract contained no authority to the tenant, S., to transfer the lease, such attempted transfer will not have the effect of conveying the rights of the original tenant to G. and P., over the objection of original landlords and owners of the property. *Johnson* v. *Brice,* 151 *Ga.* 472 (107 S. E. 338).

(*a*) Applying the principle ruled above to the facts of this case, the court did not err in disallowing plaintiffs' amendment to the petition (the substance of which is set out in the statement of facts), and in dismissing the case.

(*b*) As the above ruling is controlling of the case, it is unnecessary to decide whether the plaintiffs acted under a mistake of law, as alleged in the amendment.     *Judgment affirmed. All the Justices concur.*

No. 3392.   JUNE 7, 1923.

Equitable petition. Before Judge Searcy. Spalding superior court. August 9, 1922.

On April 5, 1916, a contract was entered into between Mrs. E. C. Smith and Mrs. B. C. Faircloth, of the first part, and C. W. Slaton, proprietor and owner and operating under the trade-name of the Griffin Laundry & Dry Cleaning Co., party of the second part, by which the party of the second part " rented from the parties of the first part a certain building . . for a term of five years and the privilege of five more at the same monthly rental, . . for which the said party of the second part agrees to pay said parties of the first part the sum of $75.00 per month during the term of said lease." The parties of the first part agreed to make such repairs on the building " as have this day been verbally agreed on between said parties," and " to give possession of said building to said party of the second part as soon as said repairs can be reasonably made." This contract was signed under the seal of all the parties thereto. An additional agreement was attached in the following language: " It is

further agreed by both parties that the following shall be an addition to and shall form a part of the attached lease; that the said party of the first part agrees to keep said property in first-class condition by making necessary repairs to same from time to time as they are needed, and that the same shall be done at their expense." And this was likewise signed by all the parties to the contract. On March 26, 1920, C. W. Slaton transferred and assigned the foregoing contract to C. F. Griffith and G. C. Patrick, as follows: "For value received and pursuant to contract of this date, I, C. W. Slaton, do hereby transfer and assign the attached lease to C. F. Griffith and G. C. Patrick, in so far as I have authority so to do and as my interest may appear." On April 10, 1920, the lessors addressed a letter to Messrs Griffith and Patrick as follows: "We are advised by Mr. C. W. Slaton, who had the building occupied by you leased, that he has sold out to you the entire business, and that he is no longer connected with same in any way. This of course cancels his lease; and if you desire to release or to occupy the building, please take up with Mr. J. A. Evans, representing Miss Sears [the daughter of Mrs. Faircloth, who had in the meantime died], and J. B. Mills, representing Mrs. Smith, at once. We have several applications for this property, but naturally will give you first chance to lease. Kindly let us hear from you regarding same at once."

On June 5, 1920, C. F. Griffith and G. C. Patrick filed an equitable petition against Mrs. E. C. Smith and Miss Marianna Sears, seeking to enjoin the defendants from interfering with plaintiffs in the use and enjoyment of the leased property and praying that the court construe the lease contract and declare the same to be assignable and binding on the defendants, and that the cloud on the title of the plaintiffs as the assignee of Slaton be removed, etc. The trial judge granted a temporary restraining order, and while the case was still pending the plaintiffs and defendants entered into an agreement as follows (after stating the case): "It is hereby agreed between the parties to the above-stated case, that the same be settled on the following basis: 1. Plaintiffs are to dismiss said bill. 2. The defendants agree to rent the property described in the said petition to said Griffith and Patrick for the term of five years commencing on the 10th day of April, 1920, for the sum of $175.00 per month, payable

monthly. 3. The plaintiffs are to give up and cancel the rent contract transferred to them by C. W. Slaton. 4. A regular lease contract in the form provided in Van Epps' Form Book, p. 599, is to be drawn up and signed by the parties, except that the tenants shall have the right to sublet, provided that the subtenant shall not engage in any business that will increase the fire hazard, or damage said property, ordinary wear and tear excepted." Subsequently the lease contract was drawn up and signed by all the parties. This contract bore date of April 10, 1920, to correspond with the commencement of the lease. On August 4, 1920, the presiding judge in term made the following order on the petition for injunction: " It being brought to my attention officially that subsequent to the argument of this case the parties have settled between themselves the matters in controversy and entered into a new lease contract, the issues have therefore become moot and the decision of them unnecessary. In view of the foregoing, the temporary restraining order is dismissed." The plaintiffs did not dismiss the case and did not surrender the Slaton lease, so far as the record discloses; but the case remained on the docket of the trial court until December 15, 1921, when the plaintiffs offered an amendment to their petition. In the meantime the plaintiffs had been occupying the property under the lease contract since August, 1920.

The plaintiffs' amendment alleged, in substance, that about August 1, 1920, while the trial judge was considering the original application for injunction, " information came to plaintiffs personally that [the trial judge] had about made up his mind and would decide that the lease held by plaintiffs was not legally assignable to them, . . and under fear of the consequences of such decision plaintiffs yielded to defendants' importunities and made a new contract of lease," above mentioned; that " since said agreement was made, the legal question controlling the issue in the case has been decided by the Court of Appeals of Georgia in the case of *Jones* v. *Fuller* [27 Ga. App. 84], 107 S. E. 544, deciding and declaring clearly and unquestionably for the first time that a lease such as the one C. W. Slaton had from the defendants, and by him assigned to the plaintiffs, conveyed such an estate to the said Slaton as he might convey or contract to another, with all the incidents and duties of the tenancy, which he, said

Slaton held; that the new lease was without consideration, and made under a mistake of law." Wherefore plaintiffs prayed that the lease dated April 10, 1920, between the plaintiffs and defendants, be canceled. By another amendment filed December 29, 1921, the plaintiffs set forth the agreement of August 3, 1920, and the new lease contract. The defendants filed objections to these amendments, and on January 24, 1922, in term, the court passed an order striking and disallowing these amendments. On June 22, 1922, the plaintiffs filed another amendment which contained substantially the same allegations as in the amendment of December, 1921. This amendment was also objected to and disallowed. At the same time the court dismissed the original petition. To these rulings the plaintiffs excepted.

*John J. Hunt* and *E. R. Clarkson,* for plaintiffs.
*Cleveland & Goodrich,* for defendants.