## 36581. GINSBERG *v.* WADE.

DECIDED APRIL 5, 1957.

478

*Pittman, Kinney & Pope,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

GARDNER, P. J. ▆ The evidence is sufficient to sustain the verdict.

▆ Special ground 1 assigns error because it is alleged that the court erred in charging the jury as follows: "I give you in charge Code § 61-111: The landlord must keep the premises in repair, and shall be liable for all substantial improvements placed upon them by his consent." It is contended that the lease created an estate for years and that the tenant was liable for repairs. It is true that a tenant for years is bound for all repairs and other expenses for the preservation of the leased property during the term of the contract. See Code § 85-805. It is also true that all leases for five years do not necessarily create an estate for years but that there is a presumption that a lease for five years does convey an estate for years. See *Midtown Chain Hotels Co. v. Bender,* 77 *Ga. App.* 723, 728 (49 S. E. 2d 779). Whether or not the court erred in charging the excerpt as set out in this special ground turns on whether or not the lease contract created an estate for years. The jury's verdict showed that the jury interpreted the evidence regarding the lease as creating the relationship of landlord and tenant and not an estate for years. No doubt the jury and the trial judge considered the intention of the parties and the severability of the amount of rent to be paid for different years. The jury were authorized, under the evidence, to find that the relationship of landlord and tenant existed. See *Johnson* v. *Brice,* 151 *Ga.* 472 (107 S. E. 338). Therefore, the court did not err in charging this excerpt. This special ground is without merit.

▆ Special ground 2 assigns error in that the court erred in charging the provisions of Code § 61-111 as follows: "I charge you that if the landlord fails to keep a building in repair, and if you find from the evidence that water seeped in the building, and as the result of such water the building became untenable, that would amount to a constructive eviction, and the defendant

would not be liable for the balance of the rent after he moved out of the building." The court did not err in so charging, for the same reason as given regarding special ground 1.

■ Special ground 3 assigns error because the court failed to charge, without a request, Code § 85-801 as follows: "An estate for years is one which is limited in its duration to a period fixed or which may be made fixed and certain. If it is in lands, it passes as realty. It may be for any number of years, provided the limitation is within the rule against perpetuities." Since the relationship of landlord and tenant was involved, there being no agreement in the contract as to who should do the repairs, such duty fell on the lessor, and this failure to charge was not erroneous.

■ Special ground 4 assigns error in that the court failed to charge as follows: "A tenant for years is bound for all repairs or other expense necessary for the preservation and protection of the property." Under the evidence such failure to charge was not reversible error.

■ Special ground 5 assigns error because it is alleged that the court erred in charging that the burden of proof rested on the plaintiff. Special ground 6 assigns error because it is alleged that the court erred in failing to charge, without a request, as to the burden of proof resting on the defendant. Under the facts of this case, these grounds show no reversible error in view of the whole charge of the court. The following cases cited by counsel for the defense are not applicable to the instant case because the pleadings and facts are different in those cases from the instant case: *Whitley* v. *Wilson,* 90 *Ga. App.* 16, 17 (81 S. E. 2d 877); *Jones* v. *Love,* 67 *Ga. App.* 594, 596 (21 S. E. 2d 254), and *Williamson, Inman & Co.* v. *Thompson,* 53 *Ga. App.* 821, 827 (187 S. E. 194). These special grounds are not meritorious.

■ Special ground 7 assigns error because the court admitted certain evidence into the record over objections. The following question was asked the plaintiff: "Now, don't you know that the reason he failed to pay, and refused to pay the rent was because you wouldn't repair the building?" It is alleged that the answer of the defendant did not cover the matter of the repairs to the building and that the evidence regarding repairs would give

the defendant the benefit of an affirmative defense not pleaded and not adjusted to the pleadings or to the lease in controversy. The trial court properly ruled that the evidence went to a general denial, and did not have to be specially pleaded. This ground is not meritorious.

■ Special ground 8 assigns error because the court excluded certain evidence, over objections, as to the cost of remodeling the building before the defendant moved in. Such exclusion was not harmful to the plaintiff because there was other evidence which covered the condition of the building when the defendant moved in, and the change in the street level, which was a causative factor in the water seepage. This special ground shows no cause for reversal.

The court did not err in any of the rulings.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. Since an erroneous charge to the jury is not cured by verdict, I disagree with divisions 2, 3, 4 and 5 of the opinion as written.

I do not think the court erred in submitting the case to the jury on the theory that only the relationship of landlord and tenant was involved, and that there was no estate for years so as to make the defendant liable as a matter of law for repairs. There was no request to charge on this subject, and no such contention was made by plaintiff in the trial court. Nothing in this record suggests an estate for years was intended except the bare fact that the lease was to run for 5 years, which when standing alone, is sufficient to create such a presumption. *Schofield* v. *Jones,* 85 *Ga.* 816, 823 (11 S. E. 1032). But the question is one of the intention of the parties, and a 15-year lease may create the relation of landlord and tenant. *Johnson* v. *Brice,* 151 *Ga.* 472 (107 S. E. 338). An estate for years creates an ownership in the lessee during the lease period. *Wilson Mfg. Co.* v. *Chamberlin-Johnson-Dubose Co.,* 140 *Ga.* 593 (79 S. E. 465). An owner of an estate for years is liable for taxes, among other things. *Evans Theatre Corp.* v. *DeGive Invest. Co.,* 79 *Ga. App.* 62 (52 S. E. 2d 655). Nothing in this record reveals any fact, or any contention of the plaintiff on the trial of the case, that this was

other than an ordinary rental agreement. A provision in the lease itself that the tenant might make repairs to facilitate his business suggests it was not so intended, as the owner of an estate for years has the right to make such repairs in any event, while one enjoying only a usufruct does not. Further, the course of conduct between the parties shows that the plaintiff did make repairs on demand by the defendant, and in her testimony she did not contend that she had no such obligation, but only that she did make such repairs whenever demand was made upon her. The contract which was in evidence and was before the court is ambiguous as to whether it creates the relationship of landlord and tenant or an estate for years. Ordinarily, therefore, this issue should be resolved by a jury under appropriate instructions. However, when the contract is construed in light of all the facts and circumstances as shown by the evidence, the conclusion is inescapable that the relationship of landlord and tenant existed under it, and this is true even though the agreement extended for a period of five years and thus created a prima facie presumption that it conveyed an estate for years. Accordingly, in my opinion, the trial court did not err in submitting the case to the jury on the theory that the relationship of landlord and tenant existed.