### 40073. ALWOOD v. COMMERCIAL UNION ASSURANCE COMPANY, LTD.

DECIDED APRIL 19, 1963—REHEARING DENIED MAY 20, 1963.

*William K. Buffington, V. J. Adams,* for plaintiff in error.

*Carl E. Westmoreland, Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr., Ralph Witt,* contra.

FELTON, Chief Judge. The lease involved in this case provided: "The landlord shall not be required to make any improvements upon said property, nor to make any repairs upon any improvements that may be erected upon said property by the tenant." There was no provision in the lease requiring

either the landlord or the tenant to replace or repair the property leased in the event of damage by fire or otherwise. The tenant restored the premises without the knowledge or consent of the landlord. The contention of the insurance company is that the insurance policy is a contract of indemnity, that the landlord did not suffer any pecuniary damage because of the restoration of the property by the tenant, and that hence there is no liability on the part of the insurance company. The contention of the landlord insured is that the restoration of the premises by the tenant was a voluntary act, that the tenant occupied the position of a volunteer and that the tenant's restoration of the premises under the circumstances did not have the effect of obliterating the pecuniary damage which the landlord suffered by reason of the fire at the time of the occurrence of the fire. It is true that a fire insurance contract is one of indemnity against loss by an insured. *Norwich Union Fire Ins. Soc. v. Bainbridge Grocery Co.*, 16 Ga. App. 432 (85 SE 622); *Atlantic Steel Co. v. Hartford Fire Ins. Co.*, 39 Ga. App. 680 (148 SE 286); *Firemen's Fund Ins. Co. v. Pekor*, 106 Ga. 1 (31 SE 779). The briefs of the parties in this case are taken up with discussions of two lines of authority relating to the question before us. We do not think that the facts in any of these cases bring it within the rule which must be applied in the instant case. In some of those cases, if not all, there was a duty upon one other than the insured to replace the damaged property, or both the landlord and the tenant insured the property and one of them restored it with money collected from the insurance on the property. The cases cited by the parties come under rulings made that are called the Wisconsin rule on the one hand and the New York rule on the other. These rules and the cases referred to are cited and discussed in Citizens Insurance Company of New Jersey v. Foxbilt, Inc., 53 ALR2d, p. 1376 (U.S. Court of Appeals, 8th Circuit, 226 F2d 641) and annotation following the reported case on p. 1383. In this case the tenant in restoring the property acted as a volunteer, although he was an interested party to the contract and his interests were affected. He was under no obligation, legally or morally, to restore the damaged premises and the result is the same as if the landlord's father or grand-

father had restored the premises as a gift, for the benefit of the landlord, in his absence and without his knowledge or consent. In truth, there is no windfall to anyone resulting from the lack of damage and loss to the insured. He suffered a loss at the time of the fire which under the facts can only be compensated for by the insurance policy. The act of the tenant was a gratuity and in law could not and did not have the effect of dissolving the landlord's or insured's loss. See Foster v. Equitable Mutual Fire Ins. Co., Gray's Reports (Mass.) 68 Gray, 216.

The court erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

ON MOTION FOR REHEARING.

Defendant in error now for the first time contends that the lessee owned an estate for years, was to be considered the owner of the premises, that it was required by *Code* § 85-805 to restore the premises and that in such circumstances it did not occupy the position of a volunteer in restoring the premises after the fire. Although we deem it immaterial whether an estate for years was intended to be conveyed it would seem that there was no such intention by the parties in view of the provision that the lease could be declared forfeited by the lessor in the event of default in the payment of rent, *Johnson v. Brice*, 151 Ga. 472 (107 SE 338); Mitchell, Real Property in Georgia, p. 153, and the provision that no trustee in bankruptcy could ever have any right to the lease and that in the event the tenant or any subtenant filed or had filed against him any bankruptcy or receivership proceedings the lease would terminate. However, granted that there was conveyed an estate for years, the tenant was not in law the "owner" of the premises with no more than a twenty year lease. *Georgia Power Co. v. City of Decatur*, 179 Ga. 471, 486 (1) (176 SE 494). *Wilson Mfg. Co. v. Chamberlin-Johnson-DuBose Co.*, 140 Ga. 593 (79 SE 465) does not hold that under a lease for 21 years the lessee is the owner of the premises, but holds that the lessee is the owner of an estate for years. *Code* § 85-805 provides: "A tenant for years is bound for all repairs or other expense necessary for the preservation and protection of the property." This section does not obligate the lessee beyond

ordinary wear and tear and does not require the holder of an estate for years to restore premises injured by fire or extraordinary catastrophes or calamities. If the lessee had failed to restore the buildings the lessor could not have required it to do so and could not have recovered damages for its failure to restore. It is true that the lessee is not a volunteer in the strict use of the term but in the circumstances of this case it is in the category of a volunteer. The lessee failed to have inserted in the lease that rent was to cease in the event the premises were rendered untenable by reason of fire or other calamity. Naturally it had an interest in not paying rent on unremunerative premises, so presumably for that reason it elected to restore the premises to a usable condition. The fact that it did so, when it was under no obligation to do so, solely to protect its own interests, amounted to a windfall or gift to the lessor. Such action by the lessee did not destroy the lessor's claim under the insurance policy any more than it would have if the lessor had instituted an action on the policy before the lessee restored the buildings, as the rights of the parties were determinable as of the time of the damage by fire. There was not a fact, obligation or circumstance in this case which had the effect of destroying the insurance company's liability under its contract of insurance. The holding in *Universal Credit Co. v. Service Fire Ins. Co.*, 69 Ga. App. 357, 362 (25 SE2d 526), quoted in the motion for a rehearing, to wit, "In short, to sanction such recovery would be to allow him compensation twice for the one cause of action," does not fully disclose the meaning of the ruling in the case. We simply refer the reader to the facts of that case for the obvious distinction between the principles there and here involved.

*Rehearing denied.*