### 43336. REYNOLDS et al. v. MAGBEE BROTHERS LUMBER & SUPPLY COMPANY, INC.

Jordan, Presiding Judge. This is an action by Magbee Brothers Lumber & Supply Company, Inc., commenced in June 1967, in the Civil and Criminal Court of DeKalb County to establish a materialman's lien on realty described as 5380 Smoke Rise Drive, DeKalb County, owned by the defendants, Stanley J. Reynolds and M. Sibyl Reynolds. The petition shows delivery of materials through June 27, 1966, to the address to W. A. Hollis, Jr., who then owned the property, for the purpose of constructing a residence thereon, the filing of a claim of lien on July 25, 1966, which was duly recorded on July 27, 1966, in DeKalb County, the subsequent transfer of title by warranty deed by Hollis to the defendants, and the absence of Hollis from the state, it being alleged that he had absconded. In a trial without a jury the court found for the plaintiff and entered a judgment in its favor, enforceable solely against the described property. The defendants appeal from this judgment, enumerating error on an oral motion to dismiss the petition and on the final judgment. *Held:*

1. The described lien in this case is one expressly recognized by *Code Ann.* § 67-2001, Subdivision 1, and the petition meets the essential requirements of *Code Ann.* § 67-2002, Subdivisions 1, 2, and 3, to make good such a lien, viz.: 1. Substantial compliance in furnishing materials to the builder without

payment therefor. 2. Recording of the lien within three months after final delivery as then applicable. (See Ga. L. 1956, pp. 562, 567). 3. Action against the present owners of the property, as recognized and permitted by Subdivision 3, upon a showing that no action is possible against the contractor within the prescribed 12 months by reason of his disappearance from the state, i.e., that he had absconded. The materialman may under such circumstances "enforce said lien directly against the property so improved in an action against the owner thereof, but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property." The petition states a cause of action and the trial judge did not err in overruling the oral motion to dismiss it.

2. The evidence supports the allegations of the petition showing the delivery of material for improvement of the property without payment therefor, for which a timely claim of lien was duly filed and recorded. There is circumstantial evidence to show that the owner-contractor had absconded from the state. In applying this recognized exception under *Code Ann.* § 67-2002, Subdivision 3, there is no requirement that the contractor to whom the materials are furnished be a person other than the owner. It is no defense to the action to show that the defendants purchased the property for value without actual knowledge of the lien, when faced with the constructive notice at the time of transfer created by the registered lien. The sworn statement of the owner-contractor furnished upon the closing of the sale and transfer of title to the defendants, at an agreed price in excess of the lien, subsequent to the date of the recorded lien, is also no defense, for Subdivision 2 of *Code Ann.* § 67-2001, providing "that the sworn statement of the contractor or other person at whose instance the . . . material was furnished shall operate to dissolve all liens" if such statement shows payment of the agreed price or reasonable value of the materials furnished, is by its terms limited to materials "furnished upon the employment of a contractor or a subcontractor or some other person than the owner" and does not apply to one occupying a dual status of owner and contractor. The affidavit under this subdivision was never intended to allow an owner to discharge a lien by his own self-serving affidavit, but instead is for application to

protect an owner from claims against a contractor for work or material supplied to the contractor, when the contractor furnishes the required sworn statement to the owner. See *Oglethorpe Savings &c. Co. v. Morgan*, 149 Ga. 787, 790 (102 SE 528). The trial court, acting as judge and jury, did not err in its judgment in favor of the plaintiff and against the defendants, which by its terms is enforceable in rem solely against the described property, and not against the defendants personally.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 9, 1968—DECIDED JANUARY 31, 1968—REHEARING DENIED FEBRUARY 15, 1968—CERT. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Grant, Spears & Duckworth, William H. Duckworth, Jr.*, for appellants.

*R. Larry Turner, Katz & Turner*, for appellee.