24568. REYNOLDS et al. v. MAGBEE BROTHERS LUMBER & SUPPLY COMPANY, INC.

Frankum, Justice. Magbee Bros. Lumber & Supply Co., Inc., a materialman, filed its action in the Civil and Criminal Court of DeKalb County against Stanley J. Reynolds, and M. Sibyl Reynolds to establish and foreclose its claim of lien upon cer-

tain described real estate situated in DeKalb County. The materialman's petition, insofar as pertinent, shows that in the year 1966 it sold and delivered directly to W. A. Hollis, Jr., certain building materials for use by him in improving the described real estate; that on July 27, 1966, it filed its claim of lien against the described property and the same was duly recorded in the office of the Clerk of the Superior Court of DeKalb County within three months from the date of the last delivery of the materials; that at the time the claim of lien was recorded "the record title to said property was in W. A. Hollis, Jr., who subsequently conveyed said property by warranty deed to the defendants; that W. A. Hollis, Jr., after the sale of the property to the defendants, "and within twelve months of being furnished materials, absconded from the limits of the State of Georgia, and is at the time of filing of this petition still without the limits of the State so that no personal jurisdiction may be had on him"; that at the time the lien was filed for record W. A. Hollis, Jr., "the builder" was indebted to petitioner in the amount of $2,040.12 for the material furnished to him; "that petitioner has taken no security from any of said defendants for the amount stated herein, nor for its lien rights against the property . . . described," and that the materialman's suit was filed within twelve months from the date the said materials were furnished. The plaintiff prayed that it "be given a special judgment and lien on the property of the co-defendants, Stanley J. Reynolds and M. Sibyl Reynolds" described in the petition in the amount of $2,040.12 plus interest thereon. The judge of the trial court overruled the defendants' motion to dismiss the petition and thereafter the case was tried before him without a jury and he rendered a judgment in favor of the plaintiff establishing a special lien on the property improved. The defendants appealed to the Court of Appeals and that court affirmed the ruling and judgment of the trial court. 117 Ga. App. 252 (160 SE2d 531). This court granted writ of certiorari to review that judgment. *Held:*

The plaintiff's petition clearly shows that the building materials were sold and delivered directly to W. A. Hollis, Jr., while he owned the real estate upon which the materials were used. It does not appear that Hollis employed a contractor in making the improvement. The claim of lien designates W. A. Hollis, Jr., as the owner of the property upon which it is

claimed. There was no contractual or other legal relationship between the plaintiff and the defendants, and so far as appears from the petition the defendants were strangers to the plaintiff. Under the facts stated in plaintiff's petition, its claim of lien could be established and foreclosed only by an action against W. A. Hollis, Jr. The petition did not state a cause of action upon which any relief could be granted as against the defendants named therein. Therefore, the trial court erred in overruling the defendants' motion to dismiss the petition, thus rendering everything that occurred thereafter in the trial of the case including the rendition of the judgment in favor of the plaintiff nugatory and the Court of Appeals erred in affirming those judgments. *Code Ann.* § 67-2002; *Jennings, Gresham & Co. v. Huggins,* 125 Ga. 338 (54 SE 169); *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787 (102 SE 528).

> *Judgment reversed. All the Justices concur.*

ARGUED MAY 15, 1968—DECIDED JUNE 20, 1968.

*Grant, Spears & Duckworth, William G. Grant,* for appellants.
*Katz & Turner, R. Larry Turner, Israel Katz,* for appellee.