43652. BUILDERS SUPPLY COMPANY, INC. v. THOMAS et al.

SUBMITTED MAY 6, 1968—DECIDED OCTOBER 15, 1968— REHEARING DENIED DECEMBER 13, 1968—

*Robert Edward Surles*, for appellant.

*Thomas J. Espy, Jr., F. H. Boney*, for appellees.

FELTON, Chief Judge. ■ Regardless of the effect of the joint affidavit of Pilgrim and the Thomases on the issue of the priority of the claimed liens of the materialman and the lending institution, which was considered in the former appeal, the affidavit of Pilgrim, who occupied the dual status of owner and quasi contractor at the time of the improvement of the realty, is no defense to the materialman's action. *Reynolds v. Magbee Bros. Lumber &c. Co.*, 117 Ga. App. 252, 253 (2) (160 SE2d 531), reversed on another ground, *Reynolds v. Magbee Bros. Lumber &c. Co.*, 224 Ga. 379 (162 SE2d 327). There is no provision of law for one who improves real estate while the legal title or its equivalent is in him, to relieve another from a lien on the property by the making of an affidavit as is authorized under *Code Ann.* § 67-2001 (2) (Ga. L. 1897, p. 30, as amended). The statement in *Builders Supply Co. v. Pilgrim*, supra, p. 89 (3), to wit: "It did take an affidavit signed by Pilgrim and both Thomas brothers to the effect that there were no unpaid bills of any nature for labor or material outstanding against the property, and was entitled to rely upon such affidavit in making the loan in the absence of either actual or constructive knowledge to the contrary," is not to be interpreted as holding to the contrary of what we have just said. That statement was made for the purpose of throwing light on the good faith of the bank. Therefore, the trial court erred in its judgment directing the verdict in favor of the defendant owners, the Thomases. Since the evidence raised the issue of the amount of the lien, however, it was not error to overrule the plaintiff's motions for a directed verdict and for judgment n.o.v. The court also erred in its judgment overruling the plaintiff's motion for a new trial on the general grounds.

■ Appellant obtained a judgment of reversal of the trial court's order overruling special demurrers to allegations of the answer of First Federal Savings & Loan Association seeking to recover attorney's fees for defending the suit, which is such a

substantial modification of the judgment on appeal as to entitle appellant to a judgment for costs of bringing the former appeal to this court. *U. S. Fidelity &c. Co. v. Luttrell*, 113 Ga. App. 176 (1) (147 SE2d 647). Accordingly, the trial court erred in its order casting the costs of the previous appeal upon the appellant and in not taxing them against the other three parties.

*Judgments affirmed in part; reversed in part. Motion for rehearing by appellee is denied. The judgments are adhered to on motion for a rehearing granted on the appellant's motion. Eberhardt and Whitman, JJ., concur.*