25261. MURRAH v. FIRST NATIONAL BANK OF COLUMBUS, Executor, et al.

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 9, 1969—
REHEARING DENIED OCTOBER 8, 1969.

614

W. Edward Swinson, Swift, Pease, Davidson & Chapman, Max R. McGlamry, for appellant.

Hatcher, Stubbs, Land & Rothschild, A. J. Land, William B. Hardegree, Foley, Chappell, Hollis & Schloth, Howell Hollis, for appellees.

MOBLEY, Presiding Justice. The complaint of Jesse R. Murrah against the First National Bank of Columbus, the Fourth National Bank of Columbus, Joseph Walter Blackmon, and Myrtle Claire Blackmon, was dismissed on all grounds of the motions to dismiss and motion to strike of the First National Bank, Joseph Blackmon, and Myrtle Blackmon. The appeal is from this order.

The First National Bank and Joseph Blackmon are executors and trustees under the will of Mrs. Jessie Blackmon. Murrah seeks the enforcement of a trust on described property in the City of Columbus, an accounting of the proceeds of an alleged sale of the property made by Mrs. Blackmon and her two children, Joseph and Myrtle Blackmon, to the Fourth National Bank, and injunction.

It is alleged that: Murrah and Mrs. Blackmon were engaged for several years in the real estate business as partners, and each owned a one-half undivided interest in the described property. Murrah had acquired and paid for his interest prior to the death of Mrs. Blackmon's husband, who then owned an undivided one-half interest. Murrah and Mrs. Blackmon's husband had a building erected on the property, each paying for one-half of the cost. Mrs. Blackmon inherited her one-half interest from her husband. On October 6, 1926, Murrah executed a note for $50,000 to Mrs. Blackmon, to evidence a loan, and at the same time executed a deed conveying his interest in the described property to her to secure this loan, which was in the form of a warranty deed. A provision on the face of the note, approved by the signature of Mrs. Blackmon, showed that the note was secured by a warranty deed, and that if the note was paid before due date, the deed was to be canceled or destroyed, if not on record, and if recorded, another deed was to be drawn conveying Murrah's interest in the property back to him. On May 23, 1928, Murrah and Mrs. Blackmon entered

into a written agreement, signed by both parties, which provided as follows:

"This sale agreement is made on account of certain conditions arising from several years joint ownership of property known as Blackmon & Murrah property on Thirteenth Street and Second Avenue, Columbus, Ga., as follows:

"J. R. Murrah having deeded all his interest in the above property to Mrs. Jessie B. Blackmon in deed dated October 6, 1926, recorded May 23, 1928, for a certain consideration, Mrs. Blackmon hereby agrees that in event a sale of this property is made at a price more than one hundred thousand dollars ($100,000) then she is to pay J. R. Murrah one-half of the profit made above the one hundred thousand dollars, less one-half of the expenses incurred after deducting one-half of the income from said property. In event the income from said property takes care of the expenses incurred there is to be no deductions. This agreement is void at the death of J. R. Murrah."

On the date this agreement was signed, Murrah paid Mrs. Blackmon all interest due on his note to her, Mrs. Blackmon surrendered the note to him, and the warranty deed made by Murrah to Mrs. Blackmon was placed on record. On December 23, 1935, Mrs. Blackmon gave her son and daughter, Joseph and Myrtle Blackmon, by deed of gift, a one-half undivided interest in the described property. On March 17, 1965, Mrs. Blackmon, Joseph Blackmon, and Myrtle Blackmon conveyed to Fourth National Bank an estate for years for a consideration of more than $100,000. Mrs. Blackmon died on December 15, 1966, leaving a will which has been probated in solemn form. Murrah's claim to the executors for one-half of the profit in the transaction above $100,000 has been denied.

1. The appellant strongly urges that the facts alleged in his complaint give him an implied trust in the land under *Code* § 108-106, which provides that a trust is implied, "Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another."

It is pointed out by the appellant that he paid the purchase

money for one-half of the property, and he cites numerous cases on the principle that a trust is implied where the purchase price is paid by one and the legal title is placed in another. These cases are not applicable in the present case. The allegations of the complaint show that by the payment of the purchase money the appellant acquired legal title in an undivided one-half interest in the land, and that he later divested himself of this legal title by his warranty deed to Mrs. Blackmon. Whether or not he has any trust interest in the property must be determined by a construction of the written agreement entered into between him and Mrs. Blackmon on May 23, 1928.

In *Heard v. Ga. Slate Co.*, 135 Ga. 606, 613 (70 SE 12), an obligation arising from a somewhat similar contract was held to be "rather contractual than fiduciary." In that case the contract specifically provided that the grantee in the warranty deed made in connection with the agreement could sell, or not, within its discretion. In the contract under consideration in the present case such discretion is necessarily implied by the absence of any agreement to make a sale, and by the use of the words, "in event a sale," indicating that the matter was within Mrs. Blackmon's discretion. Since a sale of the property was within Mrs. Blackmon's discretion, there was no implied trust in the property for the benefit of the appellant, but only a contractual right to receive his interest in any profit made in the event of a sale. The cases of *Hines v. Johnson*, 95 Ga. 629 (1) (23 SE 470); and *Citizens & Southern Nat. Bk. v. Ellis*, 171 Ga. 717 (1) (156 SE 603) are distinguishable on their facts from the present case.

2. The appellees contend that the contract was void for failure of consideration. We do not agree with this contention. The pleadings show that the warranty deed executed by the appellant to Mrs. Blackmon was originally a security instrument, securing an indebtedness of $50,000. The contract was entitled a "Sale Agreement," and under it the appellant's equity of redemption was sold to Mrs. Blackmon. The purchase price was the cancellation of his debt of $50,000, and the agreement that in the event of a sale of the property for more than $100,000 during his lifetime, he was to receive one-half of the amount

above $100,000 after deducting any expenses incurred which amounted to more than the income received.

3. The decisive question in the case is whether the instrument executed by Mrs. Blackmon, Joseph Blackmon, and Myrtle Blackmon to the Fourth National Bank of Columbus constituted a sale within the meaning of the contract between the appellant and Mrs. Blackmon entered into on May 23, 1928. The instrument begins with the words, "This indenture of grant of an estate for years . . ." It recites that in consideration of the payment by the bank of "the ground rent hereinafter specified, etc.," the owners "grant, demise, lease and let" unto the bank "an estate for a term of 17 years," with the right of extension to August, 2013. For the first period the rent is $964.91 per month. The renewal rent is a percentage of the value of the land, to be determined by agreement or arbitration. The bank is given the privilege of selling its estate in whole or in part, and renting or subleasing any part of the premises. In the event of default of the bank, the owners are given several options, including the right to re-enter and take possession of the land.

The appellant asserts that this instrument granted an estate for years and that such an estate may be the subject matter of a sale. We agree with this contention. *Code* § 85-801; *Clark v. Herring & Mock*, 43 Ga. 226 (2); *James G. Wilson Mfg. Co. v. Chamberlin-Johnson-DuBose Co.*, 140 Ga. 593 (2) (79 SE 465). But this is not determinative of the issue here. Is the sale of an estate for years "a sale of this property" within the meaning of the contract?

In *Planters Warehouse Co. v. Simpson*, 164 Ga. 190 (2) (138 SE 55), the word "sale" was defined as "a transfer of the absolute or general property in the thing for money or something of value. It is a transmutation of property from one man to another, in consideration of some price or recompense in value." One definition of a sale given in Black's Law Dictionary, 4th Ed., p. 1503, is, "A contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title, as dis-

tinguished from a special interest falling short of complete ownership."

The ordinary significance of the words, "a sale of the property," is that a sale of the fee simple title of the property is contemplated, and not the sale of a limited estate in the property. That the contract did not intend that "a sale" would mean the grant of an estate for years for the consideration of the payment of rent is indicated by the fact that "the income from said property" is to be deducted from the expenses incurred in calculating the amount to which the appellant would be entitled in the event of a sale for more than $100,000. It would naturally be assumed that income from this city property, with a structure thereon, would be rent.

The instrument attached as an exhibit to the appellant's complaint was not a sale of the property within the meaning of the contract relied on by him, and he therefore does not have a claim upon which relief can be granted. Accordingly, the trial judge was correct in holding that the complaint should be dismissed for failure to state a claim upon which relief could be granted.

*Judgment affirmed. All the Justices concur.*