50371. HATHAWAY et al. v. GORFINE et al.

Evans, Judge.

Joseph Lynch and Marc Gorfine entered into a written lease contract as to a certain area in a shopping center known as "The Courtyard" at 6600 Roswell Road, Atlanta, Georgia. A shop was to be constructed and completed in accordance with the contract and the landlord's approval of the premises and specifications.

Subsequent events show this agreement was breached. Both landlords and tenants contend the other breached the agreement.

The landlords sued Lynch and Gorfine for the rent due for the entire term of the lease and for attorney fees. Service was obtained on Marc Gorfine only, who answered, admitted execution of the lease, but denied being indebted to plaintiffs; and he counterclaimed and therein contended plaintiffs had breached the agreement in failing to carry out the bargain. He sought compensation for the amount he had paid for the improvements constructed and a security deposit, and $40,000 as damages.

Trial was had before the court without the intervention of a jury, and findings of fact were made that plaintiffs failed to have the premises properly and timely constructed, failed to provide adequate parking for the shopping center customers, failed to provide adequate maintenance for the shopping center, failed to provide adequate lighting for the shopping center, and failed to provide defendant with premises which were tenantable for the defendant to carry out the business for which it was rented; and that defendants had improved plaintiffs' premises in the amount of $16,000.

The conclusions of law by the court were that defendant had just cause to vacate the shopping center before the expiration of the lease and was not bound for the rent due to the constructive eviction by reason of the failure to maintain the premises or to provide a viable shopping center unit within which defendant could operate a retail business. The damages were awarded on the cross complaint in the amount of $16,000. Plaintiffs appeal. *Held:*

1. The evidence shows that at the time the premises were to be ready for occupancy there was no shopping center (Tr. pp. 11, 13, 54, 55, 86, 91, 101, 102); that plaintiff had completed his portion of the contract by building the structure and finishing it according to the plans and specifications approved by the landlord (Tr. p. 11). There was no parking lot, the landscaping was not finished, there was a problem in maintenance and in keeping the shopping area lighted. There was ample evidence to authorize the court to find that plaintiffs failed to provide tenantable premises for the defendant to carry out the business for which it was rented. The above

was sufficient to show a constructive eviction. See Code § 20-310; *Wellbaum v. Murphy,* 122 Ga. App. 654, 655 (3) (178 SE2d 690); *Strohecker & Baldwin v. Barnes,* 21 Ga. 430.

2. The defendant had improved plaintiffs' premises in the amount of $27,000, received back $11,000 upon moving into The Courtyard, and plaintiffs had received a net profit of $16,000 in permanent improvements applied by defendant. The court did not err in rendering judgment for the sum of $16,000 as damages. Code §§ 20-1407, 20-1414. *Ginsberg v. Wade,* 95 Ga. App. 475 (97 SE2d 915); *Overstreet v. Rhodes,* 212 Ga. 521, 523 (93 SE2d 715).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued February 26, 1975 — Decided April 7, 1975 — Rehearing denied May 8, 1975 —

*Patterson, Parks & Franklin, Isabel Gates Webster, Lynwood A. Jackson,* for appellants.

*John C. Simmons, Jr.,* for appellees.