A97A0277. AKHTAR v. FOOD & GAS, INC.
(483 SE2d 359)

Judge Harold R. Banke.

Food & Gas, Inc. ("FG"), a supplier of fuel and petroleum products to independent gas stations, sued Jeff Akhtar d/b/a Fina Gas Station for breach of a consignment agreement. The jury awarded FG $41,635.15 and Akhtar $3,257.28 on his counterclaim. Akhtar appeals, arguing that the trial court erred in denying his motions for directed verdict and for judgment notwithstanding the verdict because FG was not entitled to damages as a matter of law.

This case arose after the parties entered into an agreement in which FG was to be the exclusive consignor of all the gasoline Akhtar sold at his gas station. The agreement required Akhtar to provide FG with a daily accounting of the quantity of the consigned products sold, the receipts from their sale, and the amount of the daily bank deposit. As part of the agreement, FG expended $39,433.14 in repairs and improvements on Akhtar's property, including replacing several gas pumps, paving, painting, and installing a canopy wrap with lighting.

After a series of audits, FG concluded that Akhtar sold approximately $5,000 more gasoline than was reported. When confronted with this information, Akhtar suggested that they just forget what happened and requested that FG continue to deliver gasoline.

FG then filed this action, alleging that Akhtar breached the contract's provisions requiring a daily accounting of sales and exclusivity. Akhtar responded with a counterclaim alleging that FG failed to provide the product promised and interfered with unspecified business relationships with third parties. *Held*:

Notwithstanding Akhtar's argument to the contrary, FG's evidence of damages was sufficient to support the verdict. Akhtar offers no authority directly on point for his proposition that FG never proved the value of the improvements it made to Akhtar's property. In fact, none of the cases on which he relies are breach of contract cases dealing with improvements and most are not breach of contract cases at all. See, e.g., *Beavers v. Weatherly*, 250 Ga. 546 (299 SE2d 730) (1983) (quantum meruit case with transfer of deed by incompetent); *Watson & Powers v. Loughran*, 112 Ga. 837 (38 SE 82) (1901) (negligence); *Quattlebaum v. Ga. Power Co.*, 165 Ga. App. 510 (301 SE2d 677) (1983) (punitive damages denied on negligence claim); *City of Elberton v. J. C. Pool Realty Co.*, 111 Ga. App. 765 (143 SE2d 407) (1965) (negligence).

A provision in the contract at issue contemplated that FG would make the improvements. The expenses incurred in complying with this provision are recoverable as damages. OCGA § 13-6-9. This rule is particularly germane where, as here, most of the improvements were not removable.

FG presented evidence of the cost of each of the improvements, totaling almost $40,000, the approximate amount of the jury's award. This evidence was sufficient to justify the entry of judgment in that amount. See *Hathaway v. Gorfine*, 134 Ga. App. 748, 750 (2) (216 SE2d 338) (1975). Thus, the trial court properly denied the motions for directed verdict and for j.n.o.v. *Lister v. Scriver*, 216 Ga. App. 741, 744 (1) (456 SE2d 83) (1995).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 6, 1997.

*Ralph S. Goldberg*, for appellant.
*Dearing & Klauber, James E. Dearing, Jr.*, for appellee.